UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON ROLO,<br><br>                          Plaintiff,<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, and JOHN DOE 1-100,<br><br>                          Defendants. | Case No.: 24-cv-02053-VDO<br><br>April 2, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR A PROTECTIVE ORDER STAYING DISCOVERY BY
DEFENDANT THE DEPOSITORY TRUST & CLEARING CORPORATION**

Defendant The Depository Trust & Clearing Corporation ("DTCC") respectfully submits this memorandum of law in support of its Motion for a Protective Order Staying Discovery, including all Rule 26 deadlines, until after this Court rules on DTCC's Motion to Dismiss (ECF No. 48). DTCC also joins Financial Industry Regulatory Authority, Inc.'s ("FINRA") request, which it made in its Memorandum of Law in Support of its Motion for a Protective Order Staying Discovery (hereinafter, "Stay Motion"), that the Court adjourn the April 4, 2025 Rule 26 Meeting Report deadline to allow for the Court to consider this motion. *See* ECF No. 49-3 at 1.[1]

Plaintiff has consented to the stay of discovery, subject to his right to file a motion in the event of any further developments that he believes would warrant vacating the stay, and without prejudice to his right to later seek an extension of the current discovery deadline of July 1, 2025,

---

[1] Even if the Court is not inclined to grant DTCC's and FINRA's motions for a protective order staying discovery, DTCC joins FINRA's request that the Rule 26 Meeting Report deadline and other case management deadlines should be extended until at least 21 days after the May 15, 2025 deadline for defendant Securities and Exchange Commission ("SEC") to respond to the First Amended Complaint. *See* ECF No. 49-3 at n.1.

should it become necessary. Counsel for the other defendants have given unconditional consent to the requested discovery stay.

## RELEVANT BACKGROUND

Plaintiff initiated this action by filing a complaint on December 30, 2024, which Plaintiff amended on January 14, 2025. ECF Nos. 1, 13. Plaintiff's First Amended Complaint ("FAC") asserts the following claims against DTCC: violation of the Exchange Act's regulations prohibiting securities fraud (Count I), violation of the Bank Secrecy Act (Count II), violation of Sherman and Clayton Acts (Count V), "Failure to Maintain Accurate Records Under Section 17A(a)(1) [of the Exchange Act]" (Count X), and violation of the Connecticut Unfair Trade Practices Act (Count XI). FAC ¶¶ 145-48, 153-54, 164-65, 166-68.[2] Plaintiff also seeks certain declaratory and injunctive relief. *Id.* at 63-80.

DTCC recently filed a motion to dismiss all claims that Plaintiff asserts against DTCC based on (i) self-regulatory organization ("SRO") absolute immunity, and (ii) failure to state a claim. *See* ECF No. 48. Co-defendant FINRA filed its own motion to dismiss on March 31, 2025 (ECF No. 47), and co-defendant SEC's response to the FAC is due May 15, 2025.

On April 1, 2025, FINRA filed its Stay Motion. Like FINRA, DTCC now moves this Court for a protective order staying all discovery, including the April 4, 2025 Rule 26 Meeting Report deadline, until after this Court decides DTCC's Motion to Dismiss.

## ARGUMENT

As DTCC details in its Motion to Dismiss (at 8-10), Plaintiff's allegations against DTCC are barred by SRO absolute immunity. DTCC joins in the arguments made by FINRA in its Stay

---

[2] On page 63 of the FAC, Plaintiff also identifies Counts VI, VII, and IX in a list of claims against DTCC. However, the Counts themselves do not mention DTCC.

Motion that SRO immunity also shields SROs from the burdens of discovery. *See* ECF No. 49-3 at 5-7; *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 448 (S.D.N.Y. 2013) ("SRO immunity provides protection not only from liability, but also from the burdens of litigation, including discovery"). Accordingly, DTCC has a well-founded immunity defense that would absolve it of any litigation-related burdens, including participating in discovery.

Alternatively, even if SRO immunity did not insulate DTCC from discovery burdens, this Court should exercise its discretion under Rule 26 of the Federal Rules of Civil Procedure to impose a stay of discovery for good cause. Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including. . . forbidding the disclosure or discovery"); *see also ITT Corp. v. Travelers Cas. and Sur. Co.*, No. 3:12CV38(RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) (citation omitted) ("A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause."). "A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" *Id.* That is the case here because, as detailed in DTCC's Motion to Dismiss (at 11-22), not only is DTCC immune from liability for the alleged conduct, but each of Plaintiff's claims against DTCC also fail as a matter of law. First, the FAC is devoid of any factual allegations of the actions taken – or not taken – by DTCC to support Plaintiff's claims against DTCC. Second, Plaintiff's securities fraud claim fails because it lacks the sufficient particularity required by Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Third, there is no private right of action under the Bank Secrecy Act or under Section 17A(a)(1) of the

3

Exchange Act. Fourth, Plaintiff's claims for declaratory and injunctive relief are legally baseless.

Moreover, DTCC joins FINRA's argument that Plaintiff would not be prejudiced by a discovery stay pending the Court's decision on DTCC's (or FINRA's) Motion to Dismiss. *See* ECF No. 49-3 at 10. As of the date of this filing, Plaintiff has not served any discovery requests on DTCC and as noted above, Plaintiff has consented to the stay of discovery subject to a reservation of rights. *See supra* at 2.

Finally, as FINRA stated in its Stay Motion (at n.2), any discovery related to Plaintiff's claims against DTCC for securities fraud are governed by the PSLRA and therefore should be subject to its automatic stay provision thereby precluding Plaintiff from engaging in any discovery related to such claims until the Court's decision on DTCC's Motion to Dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B).

## CONCLUSION

For the foregoing reasons, DTCC respectfully moves the Court for an order staying all discovery in this action, including all Rule 26 deadlines, until after the Court issues a decision on DTCC's Motion to Dismiss.

Dated: April 2, 2025                                         Respectfully submitted,

| | |
|---|---|
| */s/ Alfred U. Pavlis* | */s/ Margaret A. Dale* |
| Alfred U. Pavlis (ct08603) | Margaret A. Dale (Bar No. 06257) |
| Eli Yampel (ct31813) | (*pro hac vice*) |
| FINN DIXON & HERLING LLP | Amy Gordon (Bar No. 208541) (*pro hac vice*) |
| Six Landmark Square | PROSKAUER ROSE LLP |
| Stamford, CT 06901 | Eleven Times Square |
| Tel: (203) 325-5000 | New York, NY 10036 |
| Fax: (203) 325-5001 | Tel: (212) 969-3000 |
| E-mail: apavlis@fdh.com | Fax: (212) 969-2900 |
| eyampel@fdh.com | mdale@proskauer.com |
| | agordon@proskauer.com |

*Counsel for Defendant The Depository Trust & Clearing Corporation*

**CERTIFICATION**

I hereby certify that on April 2, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Alfred U. Pavlis
Alfred U. Pavlis (ct08603)
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, Connecticut 06901
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: apavlis@fdh.com