UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON ROLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 24-cv-02053-VDO |
| | ) |
| SECURITIES AND EXCHANGE COMMISSION, et al. | ) |
| | ) |
| Defendants. | ) |

**SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY**

Defendant Securities and Exchange Commission ("SEC" or "Commission") submits this memorandum of law in support of its Motion for a Protective Order Staying Discovery, including all Rule 26 deadlines, until after the Court rules on the Commission's forthcoming motion to dismiss. The Court granted substantially similar motions filed by Defendants Financial Industry Regulatory Authority ("FINRA") and Depository Trust & Clearing Corporation ("DTCC"), ECF 51, and FINRA and DTCC both consent to the Commission's motion. Plaintiff Jason Rolo ("Plaintiff") has likewise consented to the stay of discovery, subject to his right to file a motion in the event of any further developments that he believes would warrant vacating the stay. Plaintiff's consent is also without prejudice to his right to later request an extension of the current discovery deadline.

The Commission anticipates that its motion to dismiss will argue that many, if not all, of Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction based on sovereign immunity. "Sovereign

1

immunity is an immunity from suit, not merely immunity from liability. Such immunity 'is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery.'" *Estate of Anderson-Coughlin v. U.S.*, 2017 WL 6624020, at *7 (D. Conn. Dec. 28, 2017) (citing *Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009)). On this basis alone, the Court should issue a stay. The Commission's motion to dismiss will also argue that the court lacks subject matter jurisdiction over Plaintiff's equitable claims because Plaintiff does not have standing to assert them.

## BACKGROUND

Plaintiff alleges eight counts against the Commission, several of which overlap, and seeks a variety of equitable relief.[1] Underpinning all of his claims is Plaintiff's allegation that the "SEC, as the primary federal securities regulator, failed to enforce key securities laws, ensure transparency, and address market manipulation." *Id.* ¶ 171; *see also, e.g., id.* ¶ 124 (SEC's alleged "failure to address market manipulation in MMAT and MMTLP cases represents a direct contradiction of its statutory duties, exposing retail investors to systematic harm"). Plaintiff alleges that the Commission's failure to enforce the federal securities laws enabled the alleged MMAT and MMTLP frauds and caused his investment losses.

## ARGUMENT

A court has authority to stay discovery and initial disclosures pending resolution of a motion to dismiss upon a showing of "good cause," Fed. R. Civ. P. 26(c), and good cause is

---

[1] The specific counts are: Count I (Violation of the Securities and Exchange Act's ("Exchange Act's") antifraud provisions), Count II (Breach of Anti-Money Laundering Obligations under the Bank Secrecy Act), Count III (Violations of the Administrative Procedure Act ("APA"), Count IV (Violation of the Appointments Clause and Nondelegation Doctrine), Count VI (Negligence in Regulatory Oversight), Count VIII (Control Person Liability under Section 20(a) of the Exchange Act), Count IX (Fraud by Broker-Dealers under Section 15(c)(2) of the Exchange Act), and Count XI (Violation of the Connecticut Unfair Trade Practices Act ("CUTPA")).

evident in this case. This Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has not identified an applicable waiver of sovereign immunity and he lacks standing to bring his equitable claims. Because the Commission has not yet filed its motion to dismiss, it will *very* briefly outline some of the main arguments it anticipates raising in its forthcoming motion.

## I. The Court Should Stay Discovery.

### A. The Commission's Sovereign Immunity Precludes Discovery.

Good cause to stay discovery pending resolution of a motion to dismiss exists when the motion is predicated upon a claim that governmental immunity bars the suit. *See Estate of Anderson-Coughlin*, 2017 WL 6624020, at *7 ("Sovereign immunity is an immunity from suit, not merely immunity from liability. Such immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery.") (citation omitted); *see also Wesolowska v. U.S.*, 2012 WL 3728175, at *4 (D. Conn. Jan. 3, 2012) (same). The "Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possibly stage of litigation . . . [because] immunity represents not simply a bar on liability but also an entitlement not to stand trial or face the burdens of litigation." *Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018).

Courts, therefore, routinely grant stays of discovery until a motion to dismiss on sovereign immunity grounds is resolved. *See, e.g., Williamson v. USDA*, 815 F.2d 368, 382-83 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues," including that the federal agency was immune under an exception to the Federal Tort Claims Act); *Liverman v. Committee on the Judiciary, U.S. House of Reps.*, 51 Fed. Appx 825, 827-828 (10th Cir. 2002) (table) ("the district court did not abuse its

3

discretion in staying discovery pending resolution of the Committee's motion to dismiss" on sovereign immunity grounds).

Plaintiff does not allege a waiver of sovereign immunity, and none is applicable to most, if not all, of his claims. While the Federal Tort Claims Act ("FTCA") waives sovereign immunity for certain claims for monetary relief, it does not apply here because the Commission is not a proper party, Plaintiff has not exhausted administrative remedies, and the discretionary function exception to the FTCA's waiver of sovereign immunity applies because whether to investigate and/or bring an enforcement action concerning alleged violations of the federal securities laws is squarely in the Commission's discretion. *See e.g., Molchatsky v. U.S.*, 713 F.3d 159, 162 (2d Cir. 2013) (plaintiffs' claims that the Commission's negligence caused losses from a fraud were barred by sovereign immunity due to the discretionary function exception). For similar (and other) reasons, the APA would not waive sovereign immunity because Section 701(a)(2) provides that the APA does not apply when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). *See, e.g., SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984) ("Congress intended to vest the SEC with considerable discretion in determining when and how to investigate possible violations of the statutes administered by the Commission").

### B. Good Cause to Stay Discovery Exists Even Absent Sovereign Immunity.

A stay is also warranted because of the substantial other arguments the Commission will raise in its motion to dismiss. *See, e.g., BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, 2022 WL 3716574, at *11 (D. Conn. Aug. 29, 2022) ("many courts likewise have recognized the need for a discovery stay where 'arguments are substantial' and 'not unfounded in the law.'"). Primarily, Plaintiff lacks standing to bring his equitable and certain other claims. *See, e.g.,*

*HAHA Global, Inc. v. Barclays*, 2020 WL 8323341, at *1 (S.D.N.Y. Feb. 20, 2020) (staying discovery where Plaintiff lacks standing to bring claims). None of Plaintiff's alleged injuries would be redressed even by equitable or declaratory relief because he complains about events that occurred years ago, that cannot be undone, and that are not likely to occur again. For example, a declaration finding the Commission violated various federal securities laws, *see* FAC ¶ 216.I.C, by failing to take any action to address improper trading or to review FINRA action "cannot conceivably remedy any past wrong" and would not provide any future benefit. *Steel Co. v. Citizens for a Better Enviro.*, 523 U.S. 83, 108 (1998) (holding plaintiff lacked standing to pursue equitable relief).

## CONCLUSION

For the forgoing reasons, the Court should grant the motion and stay all discovery and initial disclosure deadlines until the Court rules on the Commission's forthcoming motion to dismiss.

Respectfully Submitted,

Date: April 3, 2025

/s/ Eric A. Reicher

Melinda Hardy *
D.C. Bar No. 431906
Eric A. Reicher**
D.C. Bar No. 490866
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-7921 (phone) (Reicher)
hardym@sec.gov
reichere@sec.gov

Counsel for Defendant

* Pro Hac Vice Forthcoming
** Admitted Pro Hac Vice

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2025, I filed or caused to be filed the foregoing SEC's Motion to Stay Proceedings through the CM/ECF system which will provide service to all counsel of record and *pro se* Plaintiff.

/s/ Eric A. Reicher
Eric A. Reicher
Special Trial Counsel
U.S. Securities and Exchange Commission