**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

Jason Rolo,

Plaintiff,

v.

SECURITIES & EXCHANGE COMMISSION

FINANCIAL INDUSTRY REGULATORY AUTHORITY

DEPOSITORY TRUST & CLEARING CORPORATION

JOHN DOE 1 - 100

Defendants,

Case No.: _3:24-cv-02053_

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND CONSTITUTIONAL PRINCIPLES**

**JURY TRIAL DEMANDED**

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT FINRA'S MOTION TO DISMISS

Plaintiff Jason Todd Rolo respectfully moves this Court for leave to file a Sur-Reply to Defendant Financial Industry Regulatory Authority, Inc.'s ("FINRA") Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 57). This request is made pursuant to Local Rule 7(d) and well-established federal practice permitting the filing of a sur-reply where the moving party introduces new arguments or legal theories in its reply brief that were not meaningfully addressed in its opening motion.

In its Reply, FINRA asserts for the first time that its conduct, even when discretionary or procedurally unauthorized, is categorically immune under the doctrine of regulatory immunity. FINRA's assertion expands the scope of immunity far beyond the limitations articulated in controlling authority, including *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1214 (9th Cir. 1998), and *Standard Investment Chartered, Inc. v. NASD*, 637 F.3d 112, 115 (2d Cir. 2011). Plaintiff has not previously had the opportunity to respond to this new and overbroad interpretation of immunity, which materially alters the posture of the motion.

In addition, FINRA raises for the first time new arguments opposing Plaintiff's request for jurisdictional discovery, labeling it as an impermissible "fishing expedition" without addressing Plaintiff's specific allegations of forum-related injuries. In doing so, FINRA also introduces an expanded reading of *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003), that was not briefed in its initial motion and to which Plaintiff has not been permitted to respond.

Moreover, FINRA's Reply advances a newly detailed argument that Plaintiff's constitutional claims fail as a matter of law because the alleged loss of property value does not rise to the level of a deprivation protected by the Fifth Amendment. FINRA further elaborates its state actor defense by citing *Mathews v. Eldridge*, 424 U.S. 319 (1976), and attempting to distinguish or

discredit Plaintiff's reliance on entwinement and public function doctrines. These constitutional arguments were not presented in FINRA's Motion to Dismiss with the same specificity or legal framing, and Plaintiff's ability to address them in his original opposition was accordingly constrained.

The Sur-Reply Plaintiff seeks to file is narrowly tailored to respond only to the newly raised legal arguments and factual assertions in FINRA's Reply. It will assist the Court in resolving FINRA's Motion to Dismiss on a complete and fair record. Courts in this District and others have consistently held that sur-replies are appropriate where, as here, a reply brief raises new issues that materially affect the resolution of the motion. See, e.g., *Doe v. Wesleyan University*, 2021 WL 5882154, at *2 (D. Conn. Dec. 13, 2021); *Bey v. City of New York*, 2013 WL 3282277, at *8 (S.D.N.Y. June 27, 2013).

On April 29, 2025, Plaintiff contacted counsel for FINRA to request consent to file the proposed Sur-Reply. Counsel for FINRA declined to consent. Accordingly, Plaintiff respectfully submits this motion for leave pursuant to Local Rule 7(d).

Plaintiff now seeks leave to file a Sur-Reply not exceeding seven pages in length, narrowly tailored to address the new legal arguments raised in FINRA's Reply. The proposed Sur-Reply is attached to this motion as Exhibit A, to be considered only if and when leave is granted by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Leave to File a Sur-Reply in further opposition to FINRA's Motion to Dismiss.

Date: April 29, 2025
Respectfully submitted,
**/s/ Jason Todd Rolo**
Jason Todd Rolo
Plaintiff, Pro Se
L6 Surrey Lane
Torrington, CT 06790
Phone: 413-657-9082
Email: mastcab@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2025, I caused a true and correct copy of the foregoing Motion for Leave to File Sur-Reply and the attached proposed Sur-Reply (Exhibit A) to be served via the Court's CM/ECF system upon all counsel of record.

Date: April 29, 2025
**/s/ Jason Todd Rolo**
Jason Todd Rolo