# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jason Rolo,<br><br>                              Plaintiff,<br><br>    v.<br><br>SECURITIES & EXCHANGE COMMISSION<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY<br><br>DEPOSITORY TRUST & CLEARING CORPORATION<br><br>JOHN DOE 1 - 100<br><br><br><br>                              Defendants, | Case No.:  3:24-cv-02053<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND CONSTITUTIONAL PRINCIPLES<br><br><br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S SUR-REPLY TO DEFENDANT FINRA'S REPLY IN SUPPORT OF MOTION TO DISMISS

1

Plaintiff Jason Todd Rolo respectfully submits this Sur-Reply to address material mischaracterizations and new legal arguments raised for the first time in Defendant Financial Industry Regulatory Authority, Inc.'s ("FINRA") Reply Memorandum of Law in Support of its Motion to Dismiss (ECF No. 57).

Plaintiff submits this Sur-Reply solely to address new legal arguments and characterizations first raised in FINRA's Reply. This Sur-Reply does not introduce new factual allegations or new claims beyond those set forth in the First Amended Complaint and Plaintiff's Opposition to the Motion to Dismiss. While Plaintiff cites additional regulatory provisions, including Rule 19b-4 under the Securities Exchange Act, these citations are offered to clarify and reinforce previously asserted claims regarding FINRA's lack of lawful authority. No new causes of action are asserted, and no expansion of factual allegations is made.[1]

## I. FINRA's Expanded Immunity Argument Conflicts with Controlling Law

In its Reply, FINRA argues for the first time that even discretionary, procedurally unauthorized, or ultra vires actions fall within the scope of its regulatory immunity. This argument improperly extends immunity beyond the limits established by controlling precedent. Courts have consistently held that a self-regulatory organization ("SRO") is not immune when it acts outside the scope of its delegated authority or violates statutory requirements. See *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1214 (9th Cir. 1998); *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112, 115 (2d Cir. 2011).

---

[1] As a pro se litigant, Plaintiff respectfully notes that courts construe pro se filings liberally and permit clarification of legal arguments, particularly in response to new defenses raised in a reply. See *Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)* (courts must interpret pro se submissions to raise strongest arguments suggested); *Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987)* (pro se plaintiffs are entitled to special latitude in opposing dispositive motions).

2

Plaintiff plausibly alleges that FINRA halted trading in MMTLP securities without any SEC-approved rulemaking, without notice or hearing, and without compliance with mandatory procedural safeguards. Under Section 19(b) of the Securities Exchange Act and SEC Rule 19b-4 (17 C.F.R. § 240.19b-4), any proposed rule change by an SRO affecting trading practices, market access, or member obligations must be filed with the SEC, published for public comment, and approved by the Commission before implementation. FINRA made no such filing relating to the discretionary halt of MMTLP trading.

Thus, even if FINRA characterizes its actions as regulatory, the absence of a required Rule 19b-4 filing renders its conduct ultra vires and procedurally unlawful. Courts do not extend immunity to regulatory acts that violate the statutory framework under which the SRO operates.

## II. Plaintiff Is Entitled to Jurisdictional Discovery

FINRA asserts in its Reply that Plaintiff's request for jurisdictional discovery constitutes an impermissible "fishing expedition." This misstates both the legal standard and the facts alleged. Courts have consistently permitted jurisdictional discovery where a plaintiff makes a prima facie showing of forum-related injury and alleges facts supporting minimum contacts. See *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003).

Plaintiff has alleged specific injuries in Connecticut caused by FINRA's discretionary halt of MMTLP trading, which directly impacted Connecticut investors and broker-dealers utilizing FINRA-controlled systems such as the Trade Reporting and Compliance Engine (TRACE) and the OTC Reporting Facility (ORF). These allegations support limited jurisdictional discovery to assess FINRA's operational presence and regulatory influence in the District of Connecticut.

3

At this preliminary stage, all pleadings must be construed in Plaintiff's favor. Jurisdictional discovery is warranted to resolve factual disputes concerning FINRA's activities affecting this forum.

### III. FINRA's Constitutional Arguments Misstate Plaintiff's Claims

FINRA newly contends that Plaintiff alleges only economic loss and thus fails to assert a constitutional violation. This mischaracterization ignores the substance of Plaintiff's claims. Plaintiff alleges the deprivation of a protected property interest—the right to access and trade a publicly listed security—without notice, procedural safeguards, or statutory authorization.

The Due Process Clause protects against arbitrary deprivation of property by entities performing governmental functions. See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Where a private entity exercises delegated governmental power in a pervasive and entwined manner, constitutional obligations attach. See *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001).

Here, FINRA's unilateral halt of MMTLP trading, affecting investors nationwide without transparency or SEC-approved rulemaking, constitutes a deprivation of due process rights. Plaintiff's constitutional claims are grounded in the deprivation of the fundamental right to engage in lawful market activity—not merely in a decline in asset value.

### IV. Personal Jurisdiction Is Proper or, at Minimum, Discovery Is Warranted

In its Reply, FINRA asserts that Plaintiff has failed to establish personal jurisdiction because FINRA's alleged conduct was not specifically directed at Connecticut. This assertion disregards the factual allegations and applicable legal standards. FINRA publicly represents that it regulates

4

securities markets in every state, including Connecticut, and acknowledges its operational presence within local broker-dealer firms.

Plaintiff, a Connecticut resident, alleges direct injury from FINRA's discretionary trading halt, which foreseeably impacted market participants in this forum. Under the "effects" test articulated in *Calder v. Jones*, 465 U.S. 783 (1984), and the minimum contacts analysis in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), personal jurisdiction is proper where intentional conduct is aimed at a forum and causes foreseeable harm.

Plaintiff's allegations, supported by FINRA's own public admissions, satisfy the prima facie showing required to either find personal jurisdiction or, at minimum, permit jurisdictional discovery into FINRA's regulatory activities in Connecticut.

## CONCLUSION

FINRA's Reply raises substantial new arguments regarding regulatory immunity, constitutional deprivation, and jurisdictional facts that materially affect the pending Motion to Dismiss. Plaintiff respectfully requests that the Court consider this Sur-Reply, deny FINRA's Motion to Dismiss in its entirety, or alternatively, grant Plaintiff leave to conduct jurisdictional discovery.

Date: April 29, 2025
Respectfully submitted,
**/s/ Jason Todd Rolo**
Jason Todd Rolo
Plaintiff, Pro Se
L6 Surrey Lane
Torrington, CT 06790

Phone: 413-657-9082

Email: mastcab@yahoo.com

6