**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jason Rolo,<br><br>                                  Plaintiff,<br><br>    v.<br><br>SECURITIES & EXCHANGE COMMISSION<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY<br><br>DEPOSITORY TRUST & CLEARING CORPORATION<br><br>JOHN DOE 1 - 100<br><br><br><br>                                  Defendants, | Case No.:  3:24-cv-02053<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND CONSTITUTIONAL PRINCIPLES**<br><br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT DTCC'S REPLY IN SUPPORT OF MOTION TO DISMISS

1

Plaintiff Jason Todd Rolo respectfully moves this Court for leave to file a Sur-Reply to Defendant The Depository Trust & Clearing Corporation's ("DTCC") Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 58). This request is made pursuant to Local Rule 7(d) and well-established federal practice permitting the filing of a sur-reply where the moving party introduces new arguments or legal theories in its reply brief that were not meaningfully addressed in its opening motion.

In its Reply, DTCC asserts for the first time that Plaintiff's theory of a discretionary "settlement freeze" and the legal implications of its failure to file a Form 19b-4 under the Exchange Act were not raised in the original Complaint and should be disregarded. These assertions mischaracterize the First Amended Complaint, which repeatedly alleges that DTCC imposed an unauthorized and undisclosed post-trade settlement freeze on MMTLP securities without any SEC directive or rulemaking authority. (See FAC ¶6, ¶43, ¶54–56). Plaintiff respectfully seeks leave to clarify the record and demonstrate that these allegations were expressly pleaded and are central to the claims against DTCC.

Additionally, DTCC's Reply introduces new legal theories concerning the scope of regulatory immunity and corporate veil piercing. DTCC argues for the first time that no "ultra vires" exception exists to SRO immunity and that Plaintiff's allegations fail to support a veil-piercing claim. These arguments were not fully briefed in DTCC's opening motion and shift the legal posture of the case. Plaintiff has not previously had the opportunity to respond to these contentions, which materially affect the resolution of DTCC's Motion to Dismiss.

The Sur-Reply Plaintiff seeks to file is narrowly tailored to respond only to the newly raised legal arguments and factual assertions in DTCC's Reply. It will assist the Court in resolving the

Motion to Dismiss on a complete and accurate record. Courts in this District and others have consistently held that sur-replies are appropriate where, as here, a reply brief raises new issues that materially affect adjudication. See, e.g., *Doe v. Wesleyan Univ.*, 2021 WL 5882154, at *2 (D. Conn. Dec. 13, 2021); *Bey v. City of New York*, 2013 WL 3282277, at *8 (S.D.N.Y. June 27, 2013).

On April 30, 2025, Plaintiff contacted DTCC's counsel to request consent to file the proposed Sur-Reply. Counsel for DTCC declined to consent. Accordingly, Plaintiff respectfully submits this Motion for Leave pursuant to Local Rule 7(d).

Plaintiff now seeks leave to file a Sur-Reply not exceeding five pages in length, limited solely to issues raised in DTCC's Reply that were not addressed in its Motion to Dismiss. The proposed Sur-Reply is attached to this Motion as Exhibit B, to be considered only if and when leave is granted by the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Leave to File a Sur-Reply in further opposition to DTCC's Motion to Dismiss.

Date: April 29, 2025
Respectfully submitted,
**/s/ Jason Todd Rolo**
Jason Todd Rolo
Plaintiff, Pro Se
L6 Surrey Lane
Torrington, CT 06790
Phone: 413-657-9082
Email: mastcab@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2025, I caused a true and correct copy of the foregoing Motion for Leave to File Sur-Reply and the attached proposed Sur-Reply (Exhibit A) to be served via the Court's CM/ECF system upon all counsel of record.

Date: April 29, 2025
 **/s/ Jason Todd Rolo**
 Jason Todd Rolo