# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jason Rolo, | Case No.: __3:24-cv-02053__ |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND CONSTITUTIONAL PRINCIPLES |
| v. | |
| SECURITIES & EXCHANGE COMMISSION | |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY | |
| DEPOSITORY TRUST & CLEARING CORPORATION | |
| JOHN DOE 1 - 100 | **JURY TRIAL DEMANDED** |
| Defendants, | |

# PLAINTIFF'S SUR-REPLY TO DEFENDANT DTCC REPLY IN SUPPORT OF MOTION TO DISMISS

1

## PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT DTCC'S MOTION TO DISMISS

Plaintiff Jason Rolo respectfully submits this Sur-Reply in further opposition to the Motion to Dismiss by Defendant The Depository Trust & Clearing Corporation ("DTCC"). This sur-reply is narrowly limited to correcting factual mischaracterizations and addressing legal arguments improperly raised for the first time in DTCC's reply. All clarifications below are based exclusively on Plaintiff's First Amended Complaint ("FAC"), which already stated sufficient facts to withstand dismissal under Rule 12(b)(6).

As a pro se litigant, Plaintiff respectfully notes that courts construe pro se filings liberally, particularly when responding to dispositive motions or reply briefs that raise new legal defenses. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards"); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (pro se filings must be read to raise the strongest arguments they suggest); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). The clarifications in this sur-reply are based entirely on the facts already pleaded in the First Amended Complaint and are necessary to address new arguments improperly raised for the first time in DTCC's reply.

## I. DTCC Mischaracterizes the FAC by Claiming the "Settlement Freeze" Was First Alleged in Plaintiff's Opposition

DTCC wrongly asserts that Plaintiff introduced a "settlement freeze" for the first time in his opposition. This is incorrect. The FAC expressly alleges that DTCC, in coordination with FINRA, unilaterally halted settlement of MMTLP shares following a private December 8, 2022

2

call that excluded both Meta Materials and Next Bridge Hydrocarbons. (FAC ¶54–55). Plaintiff alleges that this action deprived shareholders of the ability to liquidate or transfer their securities—effectively constituting a post-trade settlement freeze.

Moreover, Paragraph 43 of the FAC alleges that DTCC "failed to address billions of dollars in unresolved failures-to-deliver (FTDs), enabling manipulative practices such as naked short selling and synthetic share creation." That allegation, in context, describes a disruption in DTCC's core clearing functions, which logically implies a breakdown or freeze in settlement operations.

This conduct is not merely incidental—it lies at the heart of Plaintiff's claim that DTCC took discretionary action outside of any SEC directive, in violation of its duties as a registered clearing agency under 15 U.S.C. § 78q-1. The existence of the "freeze" and DTCC's role in initiating it were well-pleaded before the opposition brief and are not new allegations.

## II. The FAC Supports a Reasonable Inference That DTCC Acted Without Filing a Required Rule Change Under Section 19(b)(1)

DTCC argues Plaintiff improperly raises a new legal theory by asserting it failed to file a Form 19b-4. However, this obligation arises automatically under the Exchange Act whenever a clearing agency makes a discretionary change that materially affects settlement. The FAC repeatedly alleges that DTCC's actions were undertaken without legal authority, public notice, or procedural transparency. (FAC ¶54, 55, 56, 6). These allegations directly support the inference that DTCC failed to comply with 15 U.S.C. § 78s(b)(1), which mandates prior SEC review of material operational changes.

The absence of a 19b-4 filing is a legal consequence flowing from the factual allegations already in the complaint. Plaintiff need not have cited the form by name to place DTCC on notice that its actions lacked the procedural safeguards required by statute.

### III. DTCC's Newly Raised Legal Arguments Regarding Immunity Misstate the Law

In its reply, DTCC advances for the first time the theory that even if an "ultra vires exception" to SRO immunity existed, it would not apply here. DTCC's reliance on *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112 (2d Cir. 2011) and *In re NYSE Specialists*, 503 F.3d 89 (2d Cir. 2007), is misplaced. These cases involved regulatory actions taken pursuant to SEC-approved rules, not discretionary conduct taken without any rule, filing, or emergency declaration. Plaintiff's FAC alleges that DTCC imposed a freeze with no SEC directive, no Form 19b-4, and no systemic risk trigger. (FAC ¶6, ¶54–56). That is the definition of ultra vires conduct.

Plaintiff also cited *Weissman v. NASD*, 500 F.3d 1293 (11th Cir. 2007), and *Silver v. NYSE*, 373 U.S. 341 (1963), which hold that self-regulatory organizations acting outside their delegated authority are not entitled to immunity. DTCC fails to distinguish these precedents and instead offers a blanket immunity defense that ignores the factual distinctions in Plaintiff's claims.

DTCC also argues that it cannot be held liable for the acts of its wholly owned subsidiary NSCC. This too is incorrect. The FAC alleges facts sufficient to support veil piercing under federal and Connecticut law. Plaintiff pleads that DTCC and NSCC share liabilities, debt instruments, capital structures, and consolidated financial reporting. (FAC ¶43, ¶6, ¶54). The FAC further alleges that DTCC exercised operational control over the MMTLP settlement process and extracted profits from NSCC while disclaiming responsibility for its conduct. Courts have long held that veil piercing may apply where one entity uses a subsidiary to carry out wrongful acts, especially

4

where corporate formalities are blurred and observance of the separate entity would promote injustice. See *United States v. Bestfoods*, 524 U.S. 51 (1998); *Naples v. Keystone*, 295 Conn. 214 (2010); *Tomasso v. Armor Constr.*, 187 Conn. 544 (1982). At this stage, Plaintiff need not prove veil piercing—only allege facts that plausibly support it.

## IV. The FAC Alleges Plausible Violations of DTCC's Statutory Duties and Foreseeable Investor Harm

DTCC's reply attempts to recast the complaint as a challenge to routine clearing operations. This mischaracterizes Plaintiff's allegations. The FAC asserts that DTCC, through a deliberate and discretionary act, interfered with the post-trade settlement process without legal authority or investor notice. (FAC ¶6, ¶43, ¶54–56). As a registered clearing agency, DTCC has non-discretionary duties to ensure prompt and accurate clearance and settlement "in the public interest, for the protection of investors." 15 U.S.C. § 78q-1(b)(3)(F). Its failure to fulfill those duties gives rise to a cause of action under *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979).

The FAC also alleges concrete investor harm: Plaintiff was left unable to sell or transfer 1,675 shares of MMTLP prior to their cancellation. (FAC ¶1, ¶6). DTCC's freeze on settlement—not merely an abstract regulatory issue—had direct financial consequences for thousands of shareholders, including Plaintiff. Dismissal is not warranted where such harm is plausible on the face of the complaint.

## V. Conclusion

5

Plaintiff respectfully requests that the Court reject DTCC's new factual and legal mischaracterizations and deny the Motion to Dismiss. The FAC plausibly alleges that DTCC undertook unauthorized actions that materially harmed investors, violated statutory clearing obligations, and fell outside any scope of regulatory immunity. At a minimum, these claims merit discovery under established federal pleading standards.

Date: April 29, 2025
Respectfully submitted,
**/s/ Jason Todd Rolo**
Jason Todd Rolo
Plaintiff, Pro Se
L6 Surrey Lane
Torrington, CT 06790
Phone: 413-657-9082
Email: mastcab@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2025, I caused a true and correct copy of the foregoing Motion for Leave to File Sur-Reply and the attached proposed Sur-Reply (Exhibit A) to be served via the Court's CM/ECF system upon all counsel of record.

Date: April 29, 2025
**/s/ Jason Todd Rolo**
Jason Todd Rolo