IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON TODD ROLO,<br><br>                    Plaintiff,<br><br>    v.<br><br>SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, INC., DEPOSITORY TRUST &<br>CLEARING CORPORATION, and<br>JOHN DOE 1 – 100,<br>                    Defendants. | Case No. 3:24-cv-02053-VDO |

**<u>DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY</u>**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this opposition to Plaintiff Jason Rolo's Motion For Leave To File A Sur-Reply in Opposition to Defendant FINRA's Motion to Dismiss (ECF no. 59) (the "Sur-Reply Motion").

Plaintiff Jason Todd Rolo ("Rolo") seeks to file a sur-reply in further opposition to FINRA's Motion to Dismiss (ECF no. 47) (the "FINRA MTD"), arguing a sur-reply is warranted "where the moving party introduces new arguments or legal theories in its reply brief that were not meaningfully addressed in its opening motion." Sur-Reply Motion p. 2. Rolo then proceeds to identify arguments that FINRA allegedly asserts for the first time in its Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint (ECF no. 57) (the "FINRA Reply") and he attaches his proposed Sur-Reply as an exhibit to his motion. *See* ECF no. 59-1 (the "Proposed Sur-Reply").

As an initial matter, FINRA objects to Rolo's inclusion of the Proposed Sur-Reply as an exhibit to his motion. "The gambit of filing a 'proposed sur-reply' as an attachment or exhibit to a motion for leave to sur-reply is plainly not permitted under [Local Rule 7(d)]." *See Namin v. Broadridge Fin. Sols., Inc.*, No. 3:22-CV-749 (RNC), 2023 WL 10802679, at *3 (D. Conn. July 17, 2023) (quoting *Baerga v. City of Hartford*, No. 3:22-cv-811 (SVN), 2022 WL 16856097, at *3 (D. Conn. Nov. 10, 2022), where the court ruled that "Plaintiff appears to have evaded the spirit of this rule by filing the proposed [sur-reply] brief simultaneously with the motion for leave to file such a brief").

Further, Rolo does not establish good cause for filing a sur-reply. Local Rule 7(d) confines the subject matter of a reply "to a discussion of matters raised by … the memorandum to which it replies." Local R. 7(d). Here, all of the arguments that Rolo seeks to address in the Proposed Sur-Reply were made by FINRA in direct response to matters raised in Rolo's Response in Opposition to FINRA's Motion to Dismiss (ECF no. 56) (the "MTD Opposition"). Specifically,

1. Rolo claims "FINRA asserts for the first time that its conduct, even when discretionary or procedurally unauthorized, is categorically immune under the doctrine of regulatory immunity," and he references *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213–14 (9th Cir. 1998), and *Standard Investment Chartered, Inc. v. NASD*, 637 F.3d 112, 115 (2d Cir. 2011). Sur-Reply Motion p. 2. FINRA briefed this issue initially in the FINRA MTD, with specific reference to both *Sparta Surgical* and *Standard Investment*. FINRA MTD p. 13-16. In the MTD Opposition, Rolo also misstates the holdings in both cases, and he tries to argue for a fraud exception to regulatory immunity. MTD Opposition pp. 1-3. The FINRA Reply directly responds to Rolo's opposition arguments, with no new or expanded theories. FINRA Reply pp. 4-5.

2

2. Rolo claims "FINRA raises for the first time new arguments opposing Plaintiff's request for jurisdictional discovery" and "introduces an expanded reading of *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003)." Sur-Reply Motion p. 2. Rolo first raised jurisdictional discovery in the MTD Opposition, citing *Toys 'R' Us* for support. MTD Opposition p. 21. The FINRA Reply addresses this argument by distinguishing the *Toys 'R' Us* holding. (FINRA Reply p. 3). In doing so, FINRA does exactly what is permitted and required by Local Rule 7(d)—it discusses the matters raised by Rolo in the MTD Opposition.

3. Rolo also claims FINRA "advances a newly detailed argument that Plaintiff's constitutional claims fail as a matter of law because the alleged loss of property value does not rise to the level of a deprivation protected by the Fifth Amendment" and "elaborates its state actor defense by citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)." Again, the arguments in the FINRA Reply are not new; FINRA raised deficiencies in Rolo's lost property value claims in the FINRA MTD (FINRA MTD pp. 30-31) and the FINRA Reply responds to the arguments (FINRA Reply pp. 6-7) raised by Rolo in the MTD Opposition. MTD Opposition p. 8 (arguing injury due to inability to trade) & p. 10 (citing the *Mathews* case—which was not cited in the FINRA MTD). The FINRA Reply simply distinguishes the *Mathews* case on which Rolo relied in the MTD Opposition with a single parenthetical explanation of its inapplicability. FINRA Reply p. 7.

A sur-reply is not appropriate here because, contrary to Rolo's assertions, the FINRA Reply does not raise "new issues that materially affect the resolution of the motion." Sur-Reply Motion p. 3. Rather, a motion for leave to file a sur-reply should be denied where, as here, "Defendants'

3

reply brief merely attempted to refute the arguments Plaintiff made in [their] opposition, and did

not raise any new arguments as to which Plaintiff otherwise would have lacked an opportunity to

respond." *Baerga*, No. 3:22-CV-811 (SVN), 2022 WL 16856097, at *3 (the *Baerga* plaintiff "had

ample opportunity" to further address a movant's arguments in an opposition brief but, much like

Plaintiff here, submitted an opposition brief "far shorter than the page limit set forth in the Local

Rules").[1] Allowing a sur-reply in this circumstance would encourage parties to seek to file a sur-

reply in all cases where a movant, like FINRA, is simply responding to arguments raised in an

opposition.

      Rolo fails to establish good cause, and the Sur-Reply Motion should be denied, and the

Proposed Sur-Reply should be stricken from the record.

Dated: May 6, 2025                         Respectfully submitted,

                                     FAEGRE DRINKER BIDDLE & REATH LLP

                                     By:

                                     John P. Mitchell, Esq. (admitted *pro hac vice*)
                                     John.mitchell@faegredrinker.com
                                     105 College Road East, Third Floor
                                     P.O. Box 627
                                     Princeton, New Jersey 08540

                                     Brian M. Hayes, Esq. (ct 31801)
                                     brian.hayes@faegredrinker.com
                                     600 Campus Drive
                                     Florham Park, New Jersey 07932
                                     (973) 549-7000

                                     *Attorneys for Defendant Financial Industry*
                                     *Regulatory Authority, Inc.*

---

[1] Rolo here submitted a 25-page opposition, while the Court limit is 40 pages.