## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON ROLO, <br><br>       Plaintiff, <br><br> *v.* <br><br> SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, and JOHN DOE 1-100, <br>      Defendants. | Case No. 24-cv-02053-VDO <br><br> May 12, 2025 |

### THE DEPOSITORY TRUST & CLEARING CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

The Depository Trust & Clearing Corporation ("DTCC") respectfully submits this opposition to Plaintiff's Motion for Leave to File Sur-Reply to Defendant DTCC's Reply in Support of Motion to Dismiss (ECF 60) ("Motion" or "Mot.").

Plaintiff seeks to file a sur-reply in further opposition to DTCC's Motion to Dismiss the First Amended Complaint (ECF 48) claiming a sur-reply is warranted "where the moving party introduces new arguments or legal theories in its reply brief that were not meaningfully addressed in its opening motion." Mot. at 2. In particular, Plaintiff argues that a sur-reply is warranted to respond to the arguments DTCC made in its Reply in Support of its Motion to Dismiss (ECF 58) regarding: (1) "Plaintiff's theory of a discretionary 'settlement freeze,'" (2) DTCC's alleged "failure to file a Form 19b-4 under the Exchange," (3) Plaintiff's "ultra vires" theory and (4) Plaintiff's piercing the corporate veil claim. *Id.*

However, Plaintiff fails to make the required showing of "good cause" for filing his proposed sur-reply, which under Local Rule 7(d) is a condition precedent to the Court exercising its discretion to grant leave for a sur-reply. Each of the arguments that Plaintiff says he intends to address in his sur-reply was made in direct response to matters that Plaintiff raised in his Opposition to DTCC's Motion to Dismiss (ECF 54), which is consistent with Local Rule 7(d)'s requirement that a reply be confined "to a discussion of matters raised by … the memorandum to which it replies." To the extent DTCC did not also address these matters its initial Motion to Dismiss, it is only because Plaintiff did not raise them in his First Amended Complaint ("FAC") (ECF 13) and improperly raised them for the first time in his Opposition. *Walker v. Royce*, 2024 WL 1158801, at *7 (E.D.N.Y. Mar. 18, 2024) ("'[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party,'… and such replies do not necessitate further briefing in the form of Respondent's proposed sur-reply") (quoting *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000)).

Now Plaintiff argues that he should be given leave to "clarify the record" and demonstrate that "Plaintiff's theory of a discretionary 'settlement freeze' and the legal implications of its failure to file a Form 19b-4 under the Exchange Act" alleged in his Opposition were "expressly pleaded and are central to the claims against DTCC." Mot. at 2. As a preliminary matter, the citations to the FAC that he provides in his Motion do not, in fact, reflect those allegations. Moreover, the arguments DTCC made in its Reply in response to Plaintiff's new allegations are centered on self-regulatory organization ("SRO") absolute immunity, which DTCC briefed in its Motion to Dismiss (at 1-2, 3-5, 8-10) and Plaintiff responded to in his Opposition (at 2-5, 7, 12-13). *See Baerga v. City of Hartford*, 2022 WL 16856097, at *3 (D. Conn. Nov. 10, 2022) ("'leave to file a sur-reply

should be denied where the moving party previously had ample opportunity to address the opposing party's arguments'") (quoting *Williams v. City of Hartford*, 2017 WL 11448094, at *5 (D. Conn. June 26, 2017)).

In addition, contrary to Plaintiff's assertion, DTCC did not introduce "new legal theories concerning the scope of regulatory immunity" in its Reply. Mot. at 2. Rather, DTCC responded to the arguments Plaintiff made in his Opposition that DTCC was not entitled to such immunity based on his "ultra vires" and "piercing the corporate veil" theories, which he already addressed at length in his Opposition (at 2-4, 7, 14-18). *See Walker*, 2024 WL 1158801, at *7.

For the foregoing reasons, Plaintiff fails to establish good cause, and therefore his Motion should be denied, and his proposed sur-reply should be stricken from the record.

Dated: May 12, 2025                              Respectfully submitted,

*/s/ Alfred U. Pavlis*                            */s/ Margaret A. Dale*
Alfred U. Pavlis (ct08603)                        Margaret A. Dale (Bar No. 06257)
Eli Yampel (ct31813)                              (*pro hac vice*)
FINN DIXON & HERLING LLP                          Amy Gordon (Bar No. 208541) (*pro*
Six Landmark Square                               *hac vice*)
Stamford, CT 06901                                PROSKAUER ROSE LLP
Tel: (203) 325-5000                               Eleven Times Square New
Fax: (203) 325-5001                               York, NY 10036
E-mail: apavlis@fdh.com                           Tel: (212) 969-3000
       eyampel@fdh.com                            Fax: (212) 969-2900
                                                  mdale@proskauer.com
                                                  agordon@proskauer.com

                                                  *Counsel for Defendant The Depository Trust*
                                                  *& Clearing Corporation*

3

## CERTIFICATION

I hereby certify that on May 12, 2025 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/s/ Alfred U. Pavlis
Alfred U. Pavlis (ct08603)
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, Connecticut 06901
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: apavlis@fdh.com