**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jason Rolo, Plaintiff, v. SECURITIES & EXCHANGE COMMISSION FINANCIAL INDUSTRY REGULATORY AUTHORITY DEPOSITORY TRUST & CLEARING CORPORATION JOHN DOE 1 - 100 Defendants, | Case No.:  3:24-cv-02053 **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND CONSTITUTIONAL PRINCIPLES** **JURY TRIAL DEMANDED** |

# Plaintiff's Motion For Leave To File Sur-Reply in Opposition to Defendant Securities Exchange Commission Motion to Dismiss

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO REBUT NEW ARGUMENTS AND INCORPORATE NEWLY DISCOVERED EVIDENCE**

Plaintiff Jason Todd Rolo respectfully moves for leave to file a sur-reply in further opposition to Defendant U.S. Securities and Exchange Commission's ("SEC") Motion to Dismiss. In support of this motion, Plaintiff states as follows:

1. The SEC filed its Motion to Dismiss on May 15, 2025, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

2. Plaintiff filed his opposition to the Motion to Dismiss on May 28, 2025.

3. On June 25, 2025, the SEC filed its reply brief in support of the motion. In that reply, the SEC raised arguments and factual assertions not presented in its original motion to dismiss.

    a. These include the new contention that Plaintiff introduced "new claims" in his opposition not raised in the First Amended Complaint.

    b. The SEC also argued for the first time that it lacked notice or responsibility regarding the December 2022 MMTLP trading halt.

    c. The SEC further asserted that Plaintiff's alleged harm is not redressable due to the private nature of Next Bridge Hydrocarbons.

    d. Finally, the SEC newly argued that FINRA's invocation of Rule 6440 did not require filing under Rule 19b-4 or SEC oversight.

4. Plaintiff had no opportunity to address these arguments, which materially impact the legal sufficiency of his claims.

5. In addition to these new arguments, Plaintiff has obtained newly discovered evidence not available at the time of his opposition.

    a. Two FOIA productions (Exhibits 45 and 46) include internal SEC emails dated December 19 through 23, 2022, confirming that senior SEC officials, including Chair Gary Gensler and the Office of General Counsel, were actively engaged with FINRA and outside legal counsel regarding the halt.

    b. A draft SEC response to Congress from December 2023 through January 2024 admits knowledge of the halt's effects and reflects a post hoc effort to justify inaction, rather than regulatory oversight.

    c. A Tips, Complaints, and Referrals (TCR) filing dated July 2, 2021 (Exhibit 47), warned the SEC of synthetic shorting, settlement manipulation, and imminent harm related to TRCH/MMTLP more than a year prior to the halt.

6. This evidence directly rebuts the SEC's assertion that it lacked notice or regulatory responsibility. It also supports Plaintiff's APA and Exchange Act claims by showing both actual notice and regulatory inaction before, during, and after the halt.

7. Courts in this District routinely permit sur-replies where reply briefs introduce new arguments or when newly discovered evidence warrants additional briefing. See Connecticut Fair Housing Ctr. v. Corelogic Rental Prop. Sols., LLC, 369 F. Supp. 3d 362, 371 (D. Conn. 2019); Ruotolo v. City of New York, 2005 WL 1253953, at *2 (S.D.N.Y. May 26, 2005).

8. Plaintiff respectfully submits that a short sur-reply is necessary to ensure a full and fair adjudication of the issues raised in the SEC's Motion to Dismiss.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the attached sur-reply and admit Exhibits 45 through 47 into the record for consideration.

Dated: July 9, 2025

Respectfully submitted,

/s/ Jason Todd Rolo
Jason Todd Rolo
L6 Surrey Lane
Torrington, CT 06790
mastcab@yahoo.com
(413) 657-9082
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone indicated on the Notice of Electronic Filing as not receiving electronic notice. Parties may access this filing through the Court's CM/ECF system.

Respectfully submitted,

Jason Todd Rolo
 Plaintiff, Pro Se
 L6 Surrey Lane
 Torrington, CT 06790
 mastcab@yahoo.com
 Tel: (413) 657-9082

Dated: July 9, 2025