**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Jason Todd Rolo respectfully submits this sur-reply to address new arguments raised by Defendant U.S. Securities and Exchange Commission ("SEC") in its reply filed on June 25, 2025, and to incorporate newly discovered evidence received after Plaintiff filed his opposition on May 28, 2025.

**I. THE SEC'S REPLY RAISES NEW ARGUMENTS NOT PRESENTED IN ITS MOTION**

The SEC asserts for the first time that Plaintiff introduced "new claims" in his opposition that were not alleged in the First Amended Complaint. This argument is incorrect. Plaintiff's opposition expands upon existing claims by providing further factual support that remains consistent with the operative pleading. Courts routinely permit such elaboration where the legal theory remains the same and is grounded in the original complaint.[1]

The SEC also newly contends that FINRA's trading halt under Rule 6440 did not require a filing under Rule 19b-4 or any oversight by the SEC. This assertion is inaccurate. Rule 6440 does not include emergency authority comparable to Rule 4300B and does not provide FINRA with independent statutory power to suspend trading without SEC review. When an SRO's action materially affects investor access to the market, it constitutes a rule change requiring notice and review under Section 19(b)(1) of the Exchange Act. The halt of MMTLP trading, which

---

[1] *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) ("A party may elaborate on factual allegations or evidence consistent with the complaint.")

1

permanently cut off public market access for tens of thousands of investors, qualifies as such a rule change and should have been filed and reviewed in accordance with the law.[2]

## II. NEWLY DISCOVERED FOIA EVIDENCE CONFIRMS SEC INVOLVEMENT AND AWARENESS

Plaintiff recently obtained two FOIA productions (Exhibits A and B) that contain internal SEC emails dated December 19 through 23, 2022. These communications confirm that Chair Gary Gensler, the Office of General Counsel, and senior SEC staff were monitoring the halt and communicating with FINRA and outside legal counsel. The internal dialogue includes explicit references to potential liability, reputational fallout, and anticipated congressional inquiries.[3]

This evidence directly contradicts the SEC's claim that it lacked awareness of the halt's significance or had no role in its aftermath. Rather than being uninformed or passive, the SEC actively followed the situation and discussed its implications. These records support Plaintiff's claim that the agency had actual notice and failed to exercise its statutory oversight duties under Section 19(c) of the Exchange Act.

## III. DRAFT RESPONSE TO CONGRESS ILLUSTRATES POST-HALT COORDINATION

A draft response to Congress, created by SEC staff in December 2023 and January 2024 and produced in the same FOIA set, provides further insight into the agency's awareness and efforts to justify inaction. The draft response refers to the MMTLP halt, acknowledges the SEC's

---

[2] *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998); *DL Capital Group, LLC v. NASD*, 409 F.3d 93, 97–98 (2d Cir. 2005)
[3] FOIA Release (Ex. 45), Emails between SEC Office of General Counsel and FINRA from December 19–23, 2022, showing concern over liability and political exposure.

2

familiarity with FINRA's conduct, and attempts to explain why the Commission chose not to intervene.

This document was prepared for public dissemination and does not reflect deliberative privilege. Its contents show that the SEC had full awareness of the consequences of the halt and engaged in narrative shaping after the fact, rather than fulfilling its statutory oversight obligations at the time of the event.[4]

## IV. THE JULY 2021 TCR DEMONSTRATES EARLY NOTICE AND FAILURE TO ACT

Plaintiff also obtained a Tips, Complaints, and Referrals (TCR) filing submitted to the SEC on July 2, 2021, warning of synthetic short selling, settlement failures, and retail investor risk connected to the Torchlight/Meta merger and the issuance of the MMTLP dividend. The complaint included detailed allegations of naked shorting, hedge fund collusion, and structural failure to deliver. It warned that if regulators did not intervene, investors would suffer substantial harm.[5]

The SEC acknowledged receipt of this TCR, yet it did not take regulatory or investigative action. This failure supports Plaintiff's assertion that the SEC disregarded prior warnings and failed to supervise and abrogate conduct that later caused investor injury.

## V. PLAINTIFF'S CLAIMS REMAIN JUSTICIABLE AND REDRESSABLE

The SEC again argues that its inaction falls within the "committed to agency discretion" exemption under Section 701(a)(2) of the Administrative Procedure Act. This defense fails. The

---

[4] FOIA Release (Ex. 46), SEC Draft Response to Congress, Dec. 2023–Jan. 2024, referencing investor complaints and SEC's rationale for non-intervention.
[5] Tips, Complaints, and Referrals submission, July 2, 2021 (Ex. 47), describing synthetic short selling risks tied to TRCH/MMTLP and the NBH dividend structure.

Supreme Court has held that this exemption applies only in narrow circumstances where no judicially manageable standards exist. In this case, Sections 19(b) and 19(c) of the Exchange Act supply clear benchmarks for agency review, disapproval, and abrogation of SRO conduct.[6]

The SEC also argues that Plaintiff's injury is not redressable because Next Bridge Hydrocarbons is now a private company. This too is incorrect. The injury at issue is the SEC's failure to prevent an unfiled halt that permanently denied Plaintiff and others the opportunity to sell or transfer their public shares. The harm includes loss of market access, forfeiture of value, and ongoing impairment of ownership rights. These injuries are concrete and traceable to regulatory inaction. Declaratory or structural relief would redress those harms by restoring procedural compliance and deterring recurrence.[7]

**VI. CONCLUSION**

The SEC's reply brief introduces legal and factual arguments that were not presented in its original motion. The newly discovered FOIA and TCR documents confirm that the SEC had actual notice of both the risks and the consequences of the MMTLP halt and failed to intervene or conduct proper oversight. Plaintiff respectfully requests that the Court consider this sur-reply and accompanying exhibits in evaluating the SEC's Motion to Dismiss.

Dated: July 9, 2025

Respectfully submitted,

/s/ Jason Todd Rolo
Jason Todd Rolo

---

[6] *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *Massachusetts v. EPA*, 549 U.S. 497, 533 (2007) (statutory criteria provide standards for reviewability)
[7] *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 181 (2000) ("Injury in fact, causation, and redressability are the constitutional requirements for standing.")

L6 Surrey Lane
Torrington, CT 06790
mastcab@yahoo.com
(413) 657-9082
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone indicated on the Notice of Electronic Filing as not receiving electronic notice. Parties may access this filing through the Court's CM/ECF system.

Respectfully submitted,

Jason Todd Rolo
Plaintiff, Pro Se
L6 Surrey Lane
Torrington, CT 06790
mastcab@yahoo.com
Tel: (413) 657-9082

Dated: July 9, 2025