IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON TODD ROLO,<br><br>      Plaintiff,<br><br>  v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, and JOHN DOE 1 – 100,<br>      Defendants. | Case No. 3:24-cv-02053 |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
<u>NOTICE TO THE COURT OF PLAINTIFF'S FALSE CITATIONS</u>**

  Pursuant to Federal Rule of Civil Procedure 11 and Connecticut Rule of Professional Conduct 3.3, Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") hereby submits this notice to inform the Court of multiple false citations within Plaintiff Jason Rolo's ("Rolo") Response to FINRA's Notice of Supplemental Authority (the "Response") [ECF No. 70].

  Every single quotation of purported legal authority in Rolo's Response is false and appears to be an artificial intelligence ("AI") hallucination. The most problematic is Rolo accusing FINRA of providing a "misleading and incomplete" account of the *Traudt v. Rubenstein*, No. 2:24-cv-782, Doc. 149 at 25 (D. Vt. June 30, 2025), decision and then representing to the Court that:

> [T]he *Traudt* court explicitly . . . stated: "The court cannot say that all claims against the SEC fail as a matter of law, especially those relating to the agency's oversight responsibilities."

ECF No. 70 p. 6.

This recitation of the *Traudt* ruling is patently false. <u>Nowhere</u> in the *Traudt* opinion does the court state anything close to what Rolo represents. *See* ECF No. 68-1.

Rolo's Response likewise contains the following additional non-existent quotations:

- *Traudt v. Rubenstein*, No. 2:24-cv-782, Doc. 149 at 25 (D. Vt. June 30, 2025) ("Plaintiff may file a motion to amend or correct the complaint and attach a proposed amended complaint that complies with the local rules of this district court."). ECF No. 70 at n.1, n.10.

- *Traudt v. Rubenstein*, No. 2:24-cv-782, Doc. 149 at 22 (D. Vt. June 30, 2025) ("Plaintiff did not file a proposed amended complaint, did not correct the verification defect, and has failed to submit evidence . . . ."). ECF No. 70 at n.9.

- *DL Cap. Grp., LLC v. NASD*, 409 F.3d 93, 98 (2d Cir. 2005) ("An SRO is not entitled to absolute immunity for all of its conduct simply by virtue of its status."). ECF No. 70 at n.2.

- *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("Actions taken outside the scope of a regulatory function may be actionable."). ECF No. 70 at n.2.

"'[I]t is improper and unacceptable for litigants—including *pro se* litigants—to submit 'non-existent judicial opinions with fake quotes and citations.'" *Anonymous v. New York City Dep't of Educ.,* 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024); *Sanders*, 176 Fed. Cl. 163, 169 (Fed. Cl. 2025) ("Plaintiff's briefing—built on AI-generated cases that stand for legal propositions in direct contravention of actual case law—is the epitome of baseless.").

FINRA is compelled to highlight the foregoing false legal quotations to the Court consistent with its duty of candor pursuant to Fed. R. Civ. P. 11(b). *See also Park v. Kim*, 91 F.4th 610, 614-

15 (2d Cir. 2024) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, and legally tenable."); *Gurpreet Kaur v. Desso*, 9:25-cv-726, 2025 U.S. Dist. LEXIS 129902, *7 (N.D. N.Y. July 9, 2025) ("Indeed, courts in this Circuit have not hesitated to find that the submission of fabricated legal authority resulting from the use of artificial intelligence is sanctionable conduct.").

Furthermore, this duty of candor to the tribunal applies to *pro se* litigants as well as attorneys. *See Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 n.5 (S.D.N.Y. 2005) ("It is well established that Rule 11 applies to *pro se* litigants.") (collecting cases); *see also Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006) ("Rule 11 forbids lying in pleadings, motions, and other papers filed with the court."); *Kendrick v. Sec. Fla. Dep't of Corrections*, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that pro se litigants "owe the same duty of candor to the court as imposed on any other litigant."); *Sanders v. United States*, 176 Fed. Cl. at 170 ("Under Rule 11, which applies to *pro se* litigants, parties appearing before the Court are obligated—at a minimum—to 'confirm the existence and validity of the legal authorities on which they rely.'") (citations omitted).

WHEREFORE, FINRA respectfully requests that the Court strike Rolo's Response and issue an appropriate warning to Rolo regarding future filings. *See Moales v. Land Rover Cherry Hill*, Case No. 3:25-CV-544, 2025 U.S. Dist. LEXIS 82629, at * (D. Conn. Apr. 30, 2025) ("Whether the issues with [plaintiff]'s filings are the result of artificial intelligence or some other mistake, the Court cautions [plaintiff] to ensure that future submissions contain only accurate representations."); *Reilly v. Conn. Interlocal Risk Mgmt. Agency*, Case No. 3:25-CV-640, 2025 U.S. Dist. LEXIS 117866, at * (D. Conn. June 20, 2025) (same).

Dated:  August 5, 2025

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By:   *s/ John P. Mitchell*
    John P. Mitchell, Esq. (admitted *pro hac vice*)
    john.mitchell@faegredrinker.com
    105 College Road East, Third Floor
    P.O. Box 627
    Princeton, New Jersey 08540

    Brian M. Hayes, Esq. (D. Conn. Bar # 31801)
    brian.hayes@faegredrinker.com
    600 Campus Drive
    Florham Park, New Jersey 07932
    (973) 549-7000

    *Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*