**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jason Rolo,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SECURITIES & EXCHANGE COMMISSION<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY<br><br>DEPOSITORY TRUST & CLEARING CORPORATION<br><br>JOHN DOE 1 - 100<br><br><br><br>　　　　　　　　　Defendants, | Case No.:  3:24-cv-02053<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND CONSTITUTIONAL PRINCIPLES**<br><br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF CORRECTION AND CLARIFICATION REGARDING ECF NO. 70**

## PLAINTIFF'S NOTICE OF CORRECTION AND CLARIFICATION REGARDING ECF NO. 70

(Pursuant to Fed. R. Civ. P. 11)

Plaintiff Jason Todd Rolo, appearing pro se, respectfully submits this Notice pursuant to Rule 11(b) and (c) of the Federal Rules of Civil Procedure, to correct inadvertent quotation formatting errors contained in his Response to Defendant FINRA's Notice of Supplemental Authority (ECF No. 70), and to clarify certain mischaracterizations made by Defendant FINRA in its subsequent reply (ECF No. 72). This filing is made in good faith to preserve the accuracy of the record, to maintain full compliance with the duty of candor, and to ensure that these proceedings remain grounded in verified and truthful representations.

## I. CORRECTION OF FORMATTING ERRORS IN ECF NO. 70

Plaintiff acknowledges that certain statements in ECF No. 70 were enclosed in quotation marks but do not appear verbatim in the court's decision in *Traudt v. Rubenstein*, No. 2:24-cv-782, Doc. 149 (D. Vt. June 26, 2024). These errors arose from Plaintiff's mistaken reliance on paraphrased summaries during preparation and have now been corrected.

The first challenged sentence, which appeared in footnote 4 of ECF No. 70, read as follows: "The court cannot say that all claims against the SEC fail as a matter of law, especially those relating to the agency's oversight responsibilities." Upon review, Plaintiff confirms that this language does not appear in Doc. 149. It was a mistaken paraphrase based on the procedural dismissal of claims without prejudice and the court's reference to the possibility of seeking leave

1

to amend under Local Rule 15. Although Plaintiff believed the sentence reflected the court's implicit acknowledgment that certain legal theories might be amendable, he now recognizes that dismissal without prejudice does not imply judicial recognition of viability. The quotation marks are withdrawn, and the statement is disavowed as a quotation.

The second challenged sentence, which appeared in footnote 10 of ECF No. 70, read: "Plaintiff may file a motion to amend or correct the complaint and attach a proposed amended complaint that complies with the local rules." This sentence paraphrased the court's actual instruction but inaccurately presented it as a quotation. The actual language appears at page 22 of Doc. 149 and states: "To the extent Plaintiff wishes to file a further amended complaint, he must do so through a motion to amend or correct the complaint accompanied by a proposed pleading that complies with Local Rule 15." Plaintiff withdraws the quotation formatting and confirms that the prior version was not a verbatim excerpt.

The third challenged sentence appeared in footnote 12 and read: "Plaintiff did not file a proposed amended complaint, did not correct the verification defect, and has failed to submit evidence that the challenged acts or omissions fall within the scope of the agency's reviewable authority." The first two clauses are substantially accurate and reflect the court's findings at pages 21 and 22 of Doc. 149. The final clause was a paraphrased interpretation of the court's discussion on APA jurisdiction and reviewability at pages 11 through 14. Plaintiff acknowledges that the third clause should not have been enclosed in quotation marks and withdraws the formatting accordingly.

These errors occurred during pro se preparation while relying in part on automated legal research tools. Plaintiff misunderstood certain paraphrased summaries as quotations and failed to cross-reference them against the underlying decision before submission. He accepts full

2

responsibility for these errors and apologizes to the Court and Defendant FINRA for any resulting confusion. This filing is made to cure the record and fulfill the obligations imposed by Rule 11(b).

## II. CLARIFICATION REGARDING DEFENDANT FINRA'S RESPONSE IN ECF NO. 72

In its reply (ECF No. 72), Defendant FINRA asserts that "every single quotation of purported legal authority in Rolo's Response is false" and describes Plaintiff's filing as containing "AI hallucinations." Plaintiff respectfully submits that this accusation is materially incorrect and legally overstated.

While Plaintiff concedes that quotation formatting was misapplied to three paraphrased statements from *Traudt*, all remaining legal authorities cited in ECF No. 70 were authentic, controlling decisions from federal courts, including the United States Supreme Court, the Second Circuit, and the Ninth Circuit. No fabricated, fictitious, or nonexistent legal opinions were cited.

For example, Plaintiff cited *DL Capital Group, LLC v. NASD*, 409 F.3d 93, 98 (2d Cir. 2005), stating: "An SRO is not entitled to absolute immunity for all of its conduct simply by virtue of its status." The actual language reads: "NASD is not entitled to absolute immunity for all of its conduct simply by virtue of its status as an SRO." The omission of "as an SRO" rendered the sentence technically inaccurate as a quotation. Plaintiff now withdraws the quotation formatting and confirms that the legal principle remains sound and applicable.

Similarly, Plaintiff paraphrased *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209 (9th Cir. 1998), to reflect the principle that SRO actions taken outside the scope of a delegated regulatory function

3

may be actionable. This interpretation aligns with the court's conclusion that NASD lacked immunity for its conduct in that case. The paraphrased sentence has since been removed or reformatted appropriately in the corrected version.

In addition, Plaintiff cited *Massachusetts v. EPA*, 549 U.S. 497 (2007), and *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004), to support principles of APA reviewability and mandatory duty enforcement. These citations were accurate and not misquoted. The same is true for other cited cases, including *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010), *Brentwood Academy v. TSSAA*, 531 U.S. 288 (2001), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), *Neitzke v. Williams*, 490 U.S. 319 (1989), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Each was cited in good faith and with proper context.

Defendant FINRA's claim that "every single quotation" was false is therefore not supported by the record. The corrections now submitted address the limited quotation errors that occurred and confirm the validity of the remaining citations.

### III. CONCLUSION

Plaintiff respectfully submits this Notice to correct quotation formatting errors in ECF No. 70, to clarify that all legal authorities cited therein are authentic and accurately applied, and to respond to exaggerated claims made by Defendant FINRA in ECF No. 72. Plaintiff has reviewed each of the authorities cited in ECF No. 70 and confirms that none were fabricated, fictitious, or submitted in bad faith.

These corrections are made pursuant to the duty imposed under Rule 11 and in the interest of candor, accuracy, and the integrity of these proceedings. Plaintiff further notifies the Court that

4

he intends to file a corrected version of his Response to Defendant FINRA's Notice of Supplemental Authority, which will supersede and replace ECF No. 68 in its entirety. The forthcoming corrected filing will incorporate the corrections identified herein and is submitted to ensure full compliance with the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: August 6, 2025

**/s/ Jason Todd Rolo**
Jason Todd Rolo
Plaintiff, Pro Se
L6 Surrey Lane
Torrington, CT 06790
(413) 657-9082
mastcab@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2025, a copy of the foregoing Notice of Correction and Clarification Regarding ECF No. 70 was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jason Todd Rolo

Jason Todd Rolo