UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JASON ROLO,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**SECURITIES AND EXCHANGE** )<br>**COMMISSION, et al.** )<br>)<br>)<br>**Defendants.** )<br>  ) | **CASE NO. 3:24-cv-02053-VDO** |

**SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

The Securities and Exchange Commission ("SEC" or "Commission") hereby responds to Plaintiff's Notice of Supplemental Authority alerting the Court to *Nat'l Assoc. of Priv. Fund Mgrs. v. SEC*, -- F.4th --, 2025 WL 2434051 (5th Cir. Aug. 25, 2025) ("*NAPFM*"). ECF 75. *NAPFM* concerned rulemakings not investigations/enforcement actions and is, therefore, irrelevant to the present case.

In *NAPFM*, the Fifth Circuit held that the Commission failed to adequately assess the cumulative economic impact of two interrelated rules that were, among other things, adopted on the same day (one on the reporting of securities loans and one on the reporting of short positions and activities) and therefore remanded the matter to the Commission for further proceedings. 2025 WL 2344051, at *11. The Commission has argued that under *Heckler v. Chaney*, 470 U.S. 821 (1985), and its progeny the Commission has discretion in deciding when and how to enforce the federal securities laws, and therefore sovereign immunity bars Plaintiff's claims. ECF 63-2 at 21 (SEC motion to dismiss), ECF 67 at 3-4 (SEC reply).  Plaintiff asserts that the Commission's sovereign immunity defense "is inconsistent with the Fifth Circuit's recent [*NAPFM*] holding" and prevents the Commission from "using *Heckler* as a bar to judicial review of affirmative regulatory acts." ECF 75 at 3. This argument is without merit.

In *NAPFM*, the Fifth Circuit stated that "the Commission has a 'unique obligation' to comply with the considerations enumerated in the Exchange Act *when promulgating rules*." *NAPFM*, 2025 WL 2434051, at *4 (italics added). This case does not involve promulgation of rules or even the failure to promulgate rules; it involves the alleged failure to investigate/bring an enforcement action relating to MMTLP.[1] Nothing in *NAPFM* suggests that the Commission does

---

[1] Plaintiff's argument that *Heckler* "applies to agency inaction, not to affirmative regulatory conduct," ECF 75 at 9, is unavailing because Plaintiff's claims against the Commission are premised entirely on the Commission's alleged failure to act. *See, e.g.,* ECF 13 (First Am.

not have discretion to determine if, when, or how to investigate and/or bring enforcement actions.[2]

                                Respectfully Submitted,

Date: September 4, 2025                            /s/ Eric A. Reicher

                                              Melinda Hardy
                                              D.C. Bar No. 431906
                                              Eric A. Reicher
                                              D.C. Bar No. 490866
                                              Securities and Exchange Commission
                                              100 F Street NE
                                              Washington, DC 20549
                                              (202) 551-7921 (phone) (Reicher)
                                              hardym@sec.gov
                                              reichere@sec.gov

                                              Counsel for Defendant SEC

---

Compl.) ¶ 171 ("The SEC * * * failed to enforce key securities laws, ensure transparency, and address market manipulation. These failures include neglecting responsibilities related to synthetic share creation, naked short selling, and failures-to-deliver (FTDs) in violation of statutory duties under federal securities laws.").

[2] Plaintiff's contention that the "SEC has argued that Plaintiff's allegations of investor harm are speculative," ECF 75 at 4, misstates the Commission's position. For the purposes of the Commission's motion to dismiss, it accepted that Plaintiff suffered harm, but the Commission argued that Plaintiff lacks standing because it is speculative to say the Commission *caused* Plaintiff's harm. ECF 63-2 at 12-13.

CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of September, 2025, I filed or caused to be filed the foregoing SEC Response to Plaintiff's Notice of Supplemental Authority through the CM/ECF system which will provide service to counsels of record and to Plaintiff since he has been granted permission to file electronically by the Court.

                                        */s/ Eric A. Reicher*
                                        Eric A. Reicher
                                        Special Trial Counsel
                                        U.S. Securities and Exchange Commission