IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON TODD ROLO,<br><br>        Plaintiff,<br><br>  v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., DEPOSITORY TRUST & CLEARING CORPORATION, and JOHN DOE 1 – 100,<br>        Defendants. | Case No. 3:24-cv-02053-VDO |

### DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OBJECTION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this response to Plaintiff Jason Rolo's ("Rolo") Notice of Supplemental Authority Against SEC, FINRA, and DTCC (ECF no. 75) (the "Notice"), where Rolo provides the Court with notice of the recent decision in *Nat'l Ass'n of Priv. Fund Managers v. Sec. & Exch. Comm'n*, No. 23-60626, 2025 WL 2434051, 2025 U.S. App. LEXIS 21717 (5th Cir. Aug. 25, 2025) (the "*NAPFM* Decision"). FINRA objects to Rolo's Notice for multiple reasons.

First, the Notice is effectively an unauthorized sur-reply in response to FINRA's and the other defendants' motions to dismiss, each of which are fully briefed and awaiting decision by the Court. In this Circuit and others, courts have held it is "improper for a notice [of supplemental authority] to include legal argument accompanying the cited authority." *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (collecting cases in various jurisdictions and concluding "the Court will consider the authorities cited in plaintiff's second

1

notice but it will disregard any argument or commentary contained therein") (citing *McGee v. Cole*, 993 F. Supp. 2d 639, 644 (S.D.W. Va. 2014), *United Broadcasting Corp. v. Miami Tele-Communications*, 140 F.R.D. 12, 13 (S.D. Fla. 1991), and *Hagens Berman Sobol Shapiro LLP v. Rubinstein*, No. C09-0894 RSM, 2009 U.S. Dist. LEXIS 104619 at *3 (W.D. Wash. Oct. 22, 2009)). *See also Marcelletti v. GEICO Gen. Ins. Co.*, No. 6:23-CV-06211 EAW CDH, 2025 U.S. Dist. LEXIS 125385, at *41-42 (W.D.N.Y. July 1, 2025) (citing *Legal Sea Foods* and *Steuben Foods, Inc. v. Oystar USA, Inc.*, 520 F. Supp. 3d 310 (W.D.N.Y. 2021), and noting that notices of supplemental authority should not include "substantive commentary").

Here, Rolo's Notice includes ten full pages of argument, not including the caption. There are sections arguing the applicability of the *NAPFM* Decision to each of the defendants' motions to dismiss, and Rolo includes citations to various other case law and substantive arguments throughout. For these reasons alone the Notice should be stricken.

Second, the *NAPFM* Decision is completely inapplicable to this case. Rolo relies on the *NAPFM* Decision to argue, with regard to FINRA's absolute immunity from liability for regulatory actions and decision making, that courts will review such actions to "ensur[e] the agency has engaged in reasoned decisionmaking…." Notice, ECF no. 75, pp. 5-6. However, Rolo fails to recognize that the *NAPFM* Decision relates to Circuit Court review of agency rulemaking, and the petitioners' challenges to two rules adopted by the SEC. *Nat'l Ass'n of Priv. Fund Managers,* 2025 U.S. App. LEXIS 21717, at *2-3 (slip op. p. 1-2). The Circuit Court's authority to review regulatory rulemaking has no applicability to a challenge to regulatory action. This Court is not even the proper forum for such review. Further, Rolo's interpretation of the *NAPFM* Decision would overturn precedent throughout the country relating to absolute immunity for regulatory actions. Yet, the Fifth Circuit in the *NAPFM* Decision did not mention immunity from suit even

once—because it is not an issue when reviewing agency rulemaking. The *NAPFM* Decision "is not helpful to the Court's analysis as it does not involve or otherwise relate to the specific issue now under consideration…." *Doctor's Assocs. v. Tripathi*, No. 3:16CV00562 (JCH), 2016 U.S. Dist. LEXIS 177595, at *38 n.8 (D. Conn. Nov. 3, 2016).

Under the circumstances, FINRA respectfully requests that the Court disregard and strike the Notice.

Dated:  September 8, 2025

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: _____

John P. Mitchell, Esq. (admitted *pro hac vice*)
John.mitchell@faegredrinker.com
105 College Road East, Third Floor
P.O. Box 627
Princeton, New Jersey 08540

Brian M. Hayes, Esq. (ct 31801)
brian.hayes@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

*Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*