## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON ROLO,<br><br>        Plaintiff,<br><br>*v.*<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, and JOHN DOE 1-100,<br><br>        Defendants. | Case No. 24-cv-02053-VDO<br><br>June 12, 2026 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT BY DEFENDANT THE DEPOSITORY <u>TRUST & CLEARING CORPORATION</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

    A.  The SAC's New Allegations Do Not Defeat SRO Immunity ............................................ 2

    B.  Courts Routinely Resolve SRO Immunity on Motions to Dismiss. .................................. 5

    C.  Plaintiff's Request for Declaratory Relief Does Not Defeat SRO Immunity or Create a Private Right of Action. .................................................................................................... 6

    D.  Plaintiff Cannot Avoid SRO Immunity by Suing DTCC, a Holding Company. ................. 8

    E.  Dismissal With Prejudice Is Warranted. ........................................................................... 9

CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Cashmore v. FINRA*,
  2020 WL 6566302 (W.D.N.Y. Nov. 9, 2020) ...........................................................................6

*Cato v. United States*,
  70 F.3d 1103 (9th Cir. 1995) ...................................................................................................9

*Chevron Corp. v. Naranjo*,
  667 F.3d 232 (2d Cir. 2012)......................................................................................................8

*City of Providence v. BATS Glob. Mkts., Inc.*,
  878 F.3d 36 (2d Cir. 2017)........................................................................................................4

*D'Alessio v. N.Y. Stock Exch., Inc.*,
  258 F.3d 93 (2d Cir. 2001).....................................................................................................3, 5

*Desiderio v. NASD, Inc.*,
  191 F.3d 198 (2d Cir. 1999).....................................................................................................6

*Dexter v. Depository Tr. & Clearing Corp.*,
  406 F. Supp. 2d 260 (S.D.N.Y. 2005),
  *aff'd*, 219 F. App'x 91 (2d Cir. 2007)............................................................................ *passim*

*DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.*,
  409 F.3d 93 (2d Cir. 2005).................................................................................................3, 4, 5

*Feins v. AMEX*,
  81 F.3d 1215 (2d Cir. 1996)......................................................................................................6

*Flowers v. Conn. Light & Power Co.*,
  2021 WL 5564085 (2d Cir. Nov. 29, 2021).............................................................................9

*Gomez v. Toledo*,
  446 U.S. 635 (1980)..................................................................................................................5

*Hill v. Curcione*,
  657 F.3d 116 (2d Cir. 2011)......................................................................................................9

*Hofman v. Fid. Brokerage Servs., LLC*,
  2023 WL 3872564 (C.D. Cal. May 8, 2023),
  *appeal dismissed*, 2023 WL 8447277 (9th Cir. Oct. 27, 2023) ......................................3, 6, 9

*In re NYSE Specialists Securities Litig.*,
   503 F.3d 89 (2d Cir. 2007)............................................................................................5

*Lanier v. Bats Exch., Inc.*,
   838 F.3d 139 (2d Cir. 2016)..........................................................................................7

*Laureatus Grp., LLC v. U.S. Dep't of Treasury*,
   2023 WL 5929412 (D.D.C. Sept. 12, 2023) ..........................................................3, 9

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)...................................................................................................7, 8

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
   578 U.S. 374 (2016)......................................................................................................7

*MM&S Fin., Inc. v. NASD, Inc.*,
   364 F.3d 908 (8th Cir. 2004) .....................................................................................6, 7

*Pani v. Empire Blue Cross Blue Shield*,
   152 F.3d 67 (2d Cir. 1998)............................................................................................5

*Rabin v. Nasdaq OMX PHLX LLC*,
   182 F. Supp. 3d 220 (E.D. Pa. 2016),
   *aff'd*, 712 F. App'x. 188 (3d Cir. 2017)......................................................................6

*SEC v. Apuzzo*,
   689 F.3d 204 (2d Cir. 2012)..........................................................................................5

*Sparta Surgical Corp. v. NASD, Inc.*,
   159 F.3d 1209 (9th Cir. 1998),
   *abrogated in part on other grounds by Merrill Lynch, Pierce, Fenner & Smith*
   *Inc. v. Manning*, 578 U.S. 374 (2016) ....................................................................4, 7

*Standard Inv. Chartered, Inc. v. NASD*,
   637 F.3d 112 (2d Cir. 2011)..........................................................................................4

*United States v. Bestfoods*,
   524 U.S. 51 (1998)........................................................................................................9

*Weissman v. NASD*,
   500 F.3d 1293 (11th Cir. 2007) ................................................................................3, 4

*Xu v. FINRA*,
   503 F. App'x 7 (2d Cir. 2012) .......................................................................................3

**STATUTES**

15 U.S.C. § 78aa(a).............................................................................................................7

15 U.S.C. § 78q-1 ................................................................................................................2

v

DTCC[1] respectfully submits this reply memorandum of law in support of its Motion to Dismiss the SAC as against DTCC pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 109) and in response to Plaintiff Jason Rolo's Memorandum of Law in Opposition to Defendant DTCC's Motion to Dismiss Count II of the SAC (ECF 115) ("Opposition" or "Opp.").

## **INTRODUCTION**

Plaintiff's Opposition confirms that dismissal with prejudice is warranted. Despite having amended his complaint twice, Plaintiff has failed to articulate any cognizable claim against DTCC. His SAC does not—and cannot—overcome the dispositive legal bars that DTCC identified in its Motion: (1) absolute SRO immunity; (2) the absence of any private right of action under the Exchange Act; and (3) the unavailability of declaratory relief absent a substantive legal predicate.

First, contrary to Plaintiff's assertions, the SAC's new allegations do not defeat absolute SRO immunity. Although Plaintiff repackages his claims, the SAC continues to challenge conduct arising from DTCC's clearance and settlement functions—the very activities this Court already held are protected by absolute immunity. Plaintiff's assertion that immunity depends on DTCC identifying a specific filed rule authorizing its actions finds no support in the case law, which requires only that the conduct at issue arises from the SRO's delegated regulatory responsibilities.

Second, Plaintiff's argument that SRO immunity cannot be resolved at the motion to dismiss stage is contradicted by decades of precedent in the Second Circuit and elsewhere. Courts routinely resolve immunity at the pleading stage where, as here, the complaint's allegations demonstrate that the challenged conduct falls within the SRO's protected regulatory functions.

---

[1] Capitalized terms used but not defined herein have the meaning given to them in DTCC's opening Memorandum of Law in Support of Motion to Dismiss the SAC by DTCC (ECF 109-1) ("Motion to Dismiss," "Motion," or "Mot.").

Third, Plaintiff's attempt to recast his claim as one for declaratory relief does not save it. Absolute immunity bars all forms of relief where the challenged conduct falls within the SRO's delegated regulatory authority. Moreover, the Declaratory Judgment Act is procedural only and cannot supply the substantive legal predicate that is absent here given the well-established rule that no private right of action exists under the Exchange Act against an SRO.

Finally, Plaintiff cannot circumvent absolute immunity by attributing protected conduct to a parent holding company. Because no amendment can cure these fundamental defects and Plaintiff has already been given an opportunity to amend, dismissal with prejudice is warranted.

## ARGUMENT

### A.    The SAC's New Allegations Do Not Defeat SRO Immunity.

Plaintiff's assertion that allegations concerning DTCC's "'critical responsibilities of clearing and settling trades'" are "gone" from the SAC is incorrect. Opp. 4. The SAC expressly alleges that "DTCC is named because *the clearance-and-settlement treatment* applied to the MMTLP / Next Bridge event, including the persistence of unresolved obligations outside ordinary guaranteed CNS processing as the security approached deletion and cancellation . . . ." SAC ¶ 13 (emphasis added). Thus, although Plaintiff has repackaged the allegations and no longer focuses on purported "synthetic shares" or "naked short sales," the SAC continues to challenge DTCC's conduct relating to the clearance and settlement of MMTLP transactions following the trading halt and of the corporate action event. Those functions fall squarely within the delegated regulatory functions performed by NSCC and DTC as registered clearing agencies under Section 17A of the Exchange Act. *See* 15 U.S.C. § 78q-1.

Plaintiff's attempt to plead around SRO immunity by alleging DTCC "lacked a clearly identified filed-rule basis" for carrying out its clearing and settlement function likewise fails. Opp. 5; *see also* SAC ¶ 8 ("DTCC permitted the final transaction set to exit ordinary CNS-based

2

settlement without a clear filed-rule basis for what came next").  The immunity inquiry turns on "the objective nature and function of the activity for which the SRO seeks to claim immunity," not on a plaintiff's characterization of the conduct.  *Weissman v. NASD*, 500 F.3d 1293, 1297 (11th Cir. 2007).

Here, the challenged conduct concerns DTCC's processing of MMTLP transactions after the trading halt and of the MMTLP corporate action—the type of activity that courts, including this Court, have recognized as falling squarely within NSCC's and DTC's clearance and settlement functions as registered clearing agencies and therefore protected by absolute immunity.  *See* Mot. at 12 (citing Op. at 9; *Hofman v. Fid. Brokerage Servs., LLC*, 2023 WL 3872564, at *7 (C.D. Cal. May 8, 2023), *appeal dismissed*, 2023 WL 8447277 (9th Cir. Oct. 27, 2023); *Laureatus Grp., LLC v. U.S. Dep't of Treasury*, 2023 WL 5929412, at *6–8 (D.D.C. Sept. 12, 2023); *Dexter v. Depository Tr. & Clearing Corp*., 406 F. Supp. 2d 260, 265 (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007)).

Plaintiff alleges that DTCC performed these functions without a "clear filed-rule basis" and therefore such conduct was "unlawful" and beyond its delegated authority, *see* SAC ¶¶ 8, 92, 96, which is precisely the type of challenge courts have consistently held cannot defeat immunity. *DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 98 (2d Cir. 2005) ("[A]llegations of bad faith, malice, and even fraud . . . cannot, except in the most unusual of circumstances, overcome absolute immunity."); *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 105–06 (2d Cir. 2001) (finding SRO was immune from claims predicated on its alleged "improper performance of its interpretive, enforcement and referral functions" because the alleged misconduct fell within "the scope of quasi-governmental powers delegated to the [SRO] pursuant to the Exchange Act . . . ."); *Xu v. FINRA*, 503 F. App'x 7, 8–9 (2d Cir. 2012) (declining to recognize a "bad faith"

exception to immunity); *Dexter*, 406 F. Supp. 2d at 263 ("assuming arguendo that the [SRO's] conduct was incorrect and unlawful, it is nevertheless protected."); *Sparta Surgical Corp. v. NASD, Inc.*, 159 F.3d 1209, 1215 (9th Cir. 1998) (rejecting argument for a "bad faith" exception to absolute immunity doctrine), *abrogated in part on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016).

For the same reasons, Plaintiff's contention that immunity depends on whether an SRO can identify a specific filed rule expressly authorizing the challenged conduct finds no support in the case law, including the authorities on which Plaintiff relies. Opp. 6–8. Each of the cases Plaintiff cites assesses immunity based on whether the challenged conduct arose from the SRO's delegated regulatory responsibilities; none condition immunity on the identification of a particular rule authorizing the challenged conduct. *See City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 46–47 (2d Cir. 2017) (instructing courts to evaluate immunity on a "case-by-case" basis to determine whether the challenged conduct falls within the SRO's delegated regulatory role); *Dexter*, 406 F. Supp. 2d at 263 (immunity applies where conduct arises from the discharge of duties under the Exchange Act, even if allegedly "incorrect and unlawful"); *DL Cap. Grp.*, 409 F.3d at 99 ("we have made clear that it is the SRO's *function* as a quasi-governmental authority that entitles it to absolute immunity") (emphasis in original); *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112, 116–17 (2d Cir. 2011) (finding that NASD's "proxy solicitation regarding amendments to the bylaws" constituted an exercise of its regulatory function and thus immunity attaches); *Weissman*, 500 F.3d at 1297 (courts must examine "the objective nature and function of the activity" at issue to determine whether absolute immunity is appropriate). Thus, the only relevant question is whether the challenged conduct arose from DTCC's delegated regulatory functions. The SAC itself confirms that it did.

If this Court accepted Plaintiff's argument, any plaintiff could defeat absolute immunity simply by alleging the absence of an identified rule, thereby circumventing the dispositive inquiry: whether the challenged conduct arose from the SRO's duties under the Exchange Act. As the Second Circuit has recognized, such a result would undermine the immunity doctrine. *DL Cap. Grp.*, 409 F.3d at 99 ("the [SRO's] exercise of its quasi-governmental functions would be unduly hampered by disruptive and recriminatory lawsuits") (internal quotation marks omitted); *Dexter*, 406 F. Supp. 2d at 263 ("There would be no point to an immunity that only protected actions that were in any event correct"); *In re NYSE Specialists Securities Litig.*, 503 F.3d 89, 98 (2d Cir. 2007) ("immunity depends only on *whether* specific acts and forbearances were incident to the exercise of regulatory power, and not on the propriety of those actions or inactions. Indeed, if 'consistent with' and 'capacity' meant that immunity only attaches to those who follow the law, the immunity doctrine would be effectively subverted. After all, individuals characteristically do not bring suit alleging an SRO is obeying its statutory and legal obligations; they bring suit alleging an SRO is violating the law or acting inconsistently with its legal obligations") (emphasis in original).

**B.      Courts Routinely Resolve SRO Immunity on Motions to Dismiss.**

Plaintiff argues that absolute SRO immunity cannot be resolved on a motion to dismiss because it is an "affirmative defense" that must "appear on the face of the [complaint]." Opp. 5–6. But neither Plaintiff's cited authorities nor the governing case law supports that proposition. For example, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), addressed qualified immunity for government officials under § 1983—a fundamentally different doctrine. Likewise, *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) and *SEC v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012) do not address SRO immunity. Rather, courts routinely resolve SRO immunity at the pleading stage where, as here, the complaint demonstrates that the challenged conduct arose from an SRO's regulatory functions. *See DL Cap. Grp.*, 409 F.3d at 97–99; *D'Alessio*, 258 F.3d at 105–06;

5

*Dexter*, 406 F. Supp. 2d at 263–65.  Indeed, this Court already addressed and resolved the immunity issue on DTCC's prior motion to dismiss based on substantially similar allegations in the FAC.  Op. at 8–9.  The same result is warranted here.

C.    **Plaintiff's Request for Declaratory Relief Does Not Defeat SRO Immunity or Create a Private Right of Action.**

Nor can Plaintiff avoid dismissal simply by repackaging his claim as one for declaratory relief rather than damages.  *See* Opp. 13–16.  The availability of absolute SRO immunity turns on the nature of the challenged conduct, not the form of relief requested.  *Supra* 3–4; *see also Cashmore v. FINRA*, 2020 WL 6566302, at *6 (W.D.N.Y. Nov. 9, 2020) ("FINRA's absolute immunity is not restricted by the type of claims asserted against it . . . . This immunity also covers declaratory or injunctive relief."); *Rabin v. Nasdaq OMX PHLX LLC*, 182 F. Supp. 3d 220, 238 (E.D. Pa. 2016), *aff'd*, 712 F. App'x. 188 (3d Cir. 2017) ("[A]bsolute immunity is designed to shield entities from litigation, not just liability.").  Accordingly, courts have dismissed claims seeking declaratory relief on immunity grounds where the challenged conduct falls within an SRO's protected regulatory functions.  *See, e.g.*, *Hofman*, 2023 WL 3872564, at *8 (adopting *Cashmore* and dismissing all claims against FINRA and DTCC, including non-damages claims for declaratory relief, based on immunity).

The form of relief sought also does not change the fact that neither the Exchange Act nor any other statute or common law principle provides a private right of action against an SRO for acts or omissions in connection with its duties as a regulator.  *Desiderio v. NASD, Inc.*, 191 F.3d 198, 208 (2d Cir. 1999) ("[T]here is no private right of action available under the Securities Exchange Act . . . to challenge an exchange's failure to follow its own rules."); *Feins v. AMEX*, 81 F.3d 1215, 1223–24 n.6 (2d Cir. 1996) (no private right of action exists against an SRO under Section 19 of the Exchange Act); *MM&S Fin., Inc. v. NASD, Inc.*, 364 F.3d 908, 911–12 (8th Cir.

6

2004) ("[T]he Exchange Act does not create a private right of action against NASD defendants for violating their own rules," and a party's attempt to bypass the absence of a private right of action by asserting a claim under state contract law is "fruitless."); *Sparta Surgical*, 159 F.3d at 1213 ("a party has no private right of action against an exchange for violating its own rules or for actions taken to perform its self-regulatory duties under the [Exchange] Act").

Plaintiff's reliance on *Merrill Lynch*, 578 U.S. 374, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), and *Lanier v. Bats Exch., Inc.*, 838 F.3d 139 (2d Cir. 2016) to argue otherwise is misplaced because none of these cases addressed whether a private right of action exists against an SRO. *Merrill Lynch* addressed whether Section 27 of the Exchange Act, which grants federal district courts exclusive jurisdiction "of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder," 15 U.S.C. § 78aa(a), confers federal jurisdiction over state-law claims brought against Merrill Lynch, a broker-dealer. 578 U.S. at 376–79. Section 27 is a jurisdictional provision; it does not create a cause of action where one does not exist, and therefore *Merrill Lynch* has no bearing on whether Plaintiff may maintain a private suit against an SRO. In *Lanier*, the plaintiff asserted state-law breach of contract claims against securities exchanges. 838 F.3d at 146. The Second Circuit found that Lanier's breach of contract claims were nothing more than allegations that the exchanges had not fulfilled obligations imposed on them by the SEC and were based on interpretations that conflicted with the SEC's interpretation and implementation of the same regulations, and were therefore preempted. *Id.* at 151–55. The court declined to address the question of whether the defendant exchanges were entitled to absolute immunity because it affirmed the district court's dismissal of the complaint on other grounds. *Id.* at 151 n.10. *MedImmune* addressed whether declaratory

7

judgment actions satisfy the Article III case-or-controversy requirement in patent disputes—it did not hold that private parties could bring declaratory actions against SROs. 549 U.S. at 126–37.

For these reasons, Plaintiff's contention that the Exchange Act's filed-rule framework and Section 27 supply the predicate for declaratory relief necessarily fails. *See* Opp. 15. As the Second Circuit has explained, the Declaratory Judgment Act is "procedural only" and "relies on a valid legal predicate"; it does not authorize courts to "declar[e] . . .rights that do not exist under law." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012). Absent a substantive legal right, enforceable by Plaintiff, there is no legal basis for declaratory relief, or any other kind of relief.

**D.      Plaintiff Cannot Avoid SRO Immunity by Suing DTCC, a Holding Company.**

Plaintiff's attempt to evade SRO absolute immunity by trying to manufacture a contradiction between DTCC's contentions that it is a holding company and its entitlement to immunity fails. By Plaintiff's own allegations, "DTCC is named because the clearance-and-settlement treatment applied to the MMTLP / Next Bridge event" and DTCC only "operates securities clearance, settlement, and depository infrastructure through affiliated entities including [DTC] and [NSCC]." SAC ¶ 13. Thus, to the extent the SAC attributes clearance and settlement activities to "DTCC," those allegations necessarily concern conduct undertaken by DTC and NSCC in the performance of their clearance and settlement functions. Because those functions are protected by absolute SRO immunity, neither DTC nor NSCC could be held liable for such conduct. *See supra* 3–4.

Conversely, to the extent Plaintiff seeks to assert claims against DTCC as a holding company distinct from its regulated subsidiaries, those claims fail because, as Plaintiff acknowledges, DTCC operates through its subsidiaries and is not alleged to have directly performed any clearance or settlement function relating to the MMTLP / Next Bridge event. SAC ¶ 13. Indeed, courts, including this one, have routinely dismissed claims against DTCC based on

8

absolute SRO immunity. *See Hofman*, 2023 WL 3872564, at \*7 (DTCC entitled to absolute immunity); *Laureatus*, 2023 WL 5929412, at \*6–8 (same); *Dexter*, 406 F. Supp. 2d at 265 (same).[2]

### E.      Dismissal With Prejudice Is Warranted.

Plaintiff argues that dismissal with prejudice would be "premature." Opp. 19–20. But the very authorities Plaintiff cites recognize that leave to amend may be denied where amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given."); *Flowers v. Conn. Light & Power Co.*, 2021 WL 5564085, at \*2 (2d Cir. Nov. 29, 2021) (plaintiff's request for leave to amend was futile because her "claims have been adjudicated and deemed deficient multiple times" and she had "repeated the same facts and made substantially the same arguments"). That is precisely the circumstance here. Plaintiff has now amended his complaint twice to allege claims arising from the same MMTLP / Next Bridge clearance and settlement events, and this Court has already determined that such claims are barred by absolute immunity. No amendment can change that DTCC is absolutely immune from claims stemming from NSCC and DTC's clearing and settlement functions, and there is no private right of action for Plaintiff to assert claims against DTCC in the first place. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (affirming dismissal with prejudice where claims were barred by immunity and "could not be cured"). Allowing another amendment would only invite a fourth iteration of similar defective claims. Thus, dismissal with prejudice is warranted.

### CONCLUSION

The Court should grant DTCC's Motion and dismiss Plaintiff's claims with prejudice.

---

[2] *United States v. Bestfoods*, 524 U.S. 51 (1998) is inapposite. It did not involve SROs or SRO immunity, but instead addressed the circumstances under which a parent corporation may be liable under the Comprehensive Environmental Response, Compensation and Liability Act for the acts of its subsidiary.

Dated: June 12, 2026                             Respectfully submitted,

/s/ Alfred U. Pavlis                             /s/ Margaret A. Dale
Alfred U. Pavlis (ct08603)                       Margaret A. Dale (Bar No. 06257)
Eli Yampel (ct31813)                             (*pro hac vice*)
FINN DIXON & HERLING LLP                         Amy Gordon (Bar No. 208541) (*pro*
Six Landmark Square                              *hac vice*)
Stamford, CT 06901                               PROSKAUER ROSE LLP
Tel: (203) 325-5000                              Eleven Times Square New
Fax: (203) 325-5001                              York, NY 10036
E-mail: apavlis@fdh.com                          Tel: (212) 969-3000
          eyampel@fdh.com                        Fax: (212) 969-2900
                                                 mdale@proskauer.com
                                                 agordon@proskauer.com


                                                 *Counsel for Defendant The Depository Trust*
                                                 *& Clearing Corporation*

                                    10

## CERTIFICATION

I hereby certify that on June 12, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ *Alfred U. Pavlis*
Alfred U. Pavlis (ct08603)
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, Connecticut 06901
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: apavlis@fdh.com