# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JASON TODD ROLO,<br><br>                Plaintiff,<br><br>   v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, and JOHN DOE 1 – 100,<br>                Defendants. | Case No. 3:24-cv-02053-VDO |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTORY STATEMENT ................................................................................ 1

II.  THE SAC SHOULD BE DISMISSED.................................................................... 2

   A.   Like the FAC, FINRA's Regulatory Immunity Bars the SAC .......................... 2

   B.   The Court Does Not Possess Personal Jurisdiction Over FINRA ..................... 4

   C.   The Court Lacks Subject Matter Jurisdiction ................................................... 5

   D.   Rolo Does Not Have Standing .......................................................................... 6

   E.   The SAC is Barred by Rolo's Lack of a Private Right of Action ...................... 8

   F.   Rolo Concedes Declaratory Relief is Not a Cause of Action ............................ 9

   G.   Further Amendment Is Futile ........................................................................... 10

III. CONCLUSION.................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                         **Page(s)**

*Arizona v. California*,
460 U.S. 605 (1983)........................................................................................................1

*Axon Enter. Inc. v. Fed. Trade Comm'n*,
598 U.S. 175 (2023)........................................................................................................8

*Brawer v. Options Clearing Corp.*,
807 F.2d 297 (2d Cir. 1986)............................................................................................9

*Cangemi v. United States*,
939 F. Supp. 2d 188 (E.D.N.Y. 2013) .............................................................................9

*Carter v. HealthPort Techs., LLC*,
822 F.3d 47 (2d Cir. 2016)..............................................................................................7

*Cashmore v. FINRA*,
No. 18-CV-1198S, 2020 U.S. Dist. LEXIS 209451, 2020 WL 6566302
(W.D.N.Y. Nov. 9, 2020)................................................................................................3

*Chiste v. Hotels.com L.P.*,
756 F. Supp. 2d 382 (S.D.N.Y. 2010)..............................................................................9

*Correspondent Servs. Corp. v. First Equities Corp. of FL*,
442 F.3d 767 (2d Cir. 2006).........................................................................................1, 5

*D'Alessio v. NYSE, Inc.*,
258 F.3d 93 (2d Cir. 2001), *cert. denied*, 534 U.S. 1066 (2001)...............................3

*Daytree at Cortland Square, Inc. v. Walsh*,
332 F. Supp. 3d 610 ........................................................................................................9

*Desiderio v. NASD*,
191 F.3d 198 (2d Cir. 1999)............................................................................................8

*DL Cap. Grp. LLC v. NASDAQ Stock Mkt., Inc.*,
409 F.3d 93 (2d Cir. 2005)..............................................................................................4

*Endemann v. Liberty Ins. Corp.*,
602 F. Supp. 3d 322 (N.D.N.Y. 2022)..............................................................................9

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
986 F. Supp. 2d 428 (S.D.N.Y. 2013)..............................................................................3

*Feins v. AMEX*,
81 F.3d 1215 (2d Cir. 1996)............................................................................................8

*Felske v. Hirschmann*,
   No. 10 Civ. 8899 (RMB), 2012 U.S. Dist. LEXIS 29893, 2012 WL 716632
   (S.D.N.Y. Mar. 1, 2012) ............................................................................................4

*Free Enterprise Fund v. Pub. Co. Acct. Oversight Bd.*,
   561 U.S. 477 (2010)...................................................................................................8

*Free Holdings, Inc. v. McCoy*,
   No. 23-644, 2024 U.S. App. LEXIS 1045, 2024 WL 177447 (2d Cir. Jan. 17,
   2024) .......................................................................................................................6, 7

*Galette v. N.J. Transit Corp.*,
   146 S. Ct. 854 (2026)..................................................................................................4

*Hofman v. Fidelity Brokerage Servs. LLC*,
   No. 2:23-cv-00881, 2023 U.S. Dist. LEXIS 81166, 2023 WL 3872564 (C.D.
   Cal. May 8, 2023) ......................................................................................................3

*Jablon v. Dean Witter & Co.*,
   614 F.2d 677 (9th Cir. 1980) .....................................................................................8

*In re Joint E. & S. Dist. Asbestos Litig.*,
   14 F.3d 726 (2d Cir.1993)..........................................................................................9

*Leedom v. Kyne*,
   358 U.S. 184 (1958)....................................................................................................8

*Luckenbach S.S. Co. v. U.S.*,
   312 F.2d 545 (2d Cir. 1963)........................................................................................9

*Merrell Dow Pharms. Inc. v. Thompson*,
   478 U.S. 804 (1986)....................................................................................................6

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
   578 U.S. 374 (2016)....................................................................................................4

*Miller v. Wells Fargo Bank, N.A.*,
   994 F. Supp. 2d 542 (S.D.N.Y. 2014).......................................................................9

*Moales v. Land Rover Cherry Hill*,
   No. 3:25-cv-544 (VDO), 2025 U.S. Dist. LEXIS 82629, 2025 WL 1249616
   (D. Conn. April 30, 2025)...........................................................................................5

*New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*,
   824 F.3d 308 (2d Cir. 2016)........................................................................................5

*In re NYSE Specialists Sec. Litig.*,
   503 F.3d 89 (2d Cir. 2007)..................................................................................1, 2, 3

iii

*Pee Pee Pop Trust v. FINRA*,
No. 3:19-cv-00240, 2019 U.S. Dist. LEXIS 165024, 2019 WL 4723788 (D.
Nev. Sept. 26, 2019) ..................................................................................................4

*Perlman v. Gen. Elec.*,
No. 22 Civ. 9823 (PAE), 2024 U.S. Dist. LEXIS 27445, 2024 WL 664968
(S.D.N.Y. Feb. 16, 2024) ...........................................................................................10

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993)........................................................................................7

*SEC v. Sloan*,
436 U.S. 103 ...............................................................................................................4

*In re Series 7 Broker Qualification Exam Scoring Litig.*,
548 F.3d 110 (D.C. Cir. 2008).....................................................................................3

*Skelly Oil Co. v. Phillips Petroleum Co.*,
339 U.S. 667 (1950).................................................................................................5, 6

*Spicer v. Chicago Bd. of Options Exch., Inc.*,
977 F.2d 255 (7th Cir. 1992) .......................................................................................8

*Standard Inv. Chartered, Inc. v. NASD, Inc.*,
637 F.3d 112 (2d Cir. 2011)........................................................................................3

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................................................................................................7

*Van Buskirk v. The New York Times Co.*,
325 F.3d 87 (2d Cir. 2003).........................................................................................10

*Weissman v. Nat'l Ass'n Sec. Dealers, Inc.*,
500 F.3d 1293 (11th Cir. 2007) ..................................................................................4

*Weslowski v. Zugibe*,
96 F. Supp. 3d 308 (S.D.N.Y. 2015), *aff'd*, 626 F. App'x 20 (2d Cir. 2015) .........10

*Xu v. FINRA*,
503 Fed. App'x 7 (2d Cir. 2012)..................................................................................3

*Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*,
No. CV 16-6370 (SJF) (AYS), 2017 U.S. Dist. LEXIS 233701, 2017 WL
6729854 (E.D.N.Y. Oct. 31, 2017) ..............................................................................7

**Statutes, Rules & Regulations**

15 U.S.C. § 78aa ....................................................................................................4, 5, 6

28 U.S.C. § 1331.........................................................................................................5, 6

iv

28 U.S.C. § 2201................................................................................................................5, 6

FINRA Rule 6440................................................................................................................2, 8

FINRA Rule 6490................................................................................................................2, 8

## I.   INTRODUCTORY STATEMENT[1]

When the Court dismissed Rolo's FAC with leave to amend, it stated "[a]ll of Plaintiff's claims against FINRA arise from its regulatory activities and, consequently, these direct challenges to FINRA's performance of its regulatory functions are barred by absolute immunity." ECF 98 (the "Order"), p. 8. Like the FAC, all the allegations in the SAC arise from the same regulatory activities, and Rolo's single cause of action challenges FINRA's performance of them. *Compare* SAC ¶¶ 8 (challenging specific regulatory acts), 34, 43, 48-52, 71, 77, 79 (describing FINRA's regulatory performance) *with* FAC ¶¶ 1-2, 42, 48-49, 51-52, 55, 59-61, 67-68, 70, 136.[2] Because the factual basis of the claims in the SAC is the same as those in the FAC, the SAC is barred for the same reason the Court dismissed the FAC. *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides" an issue, "that decision should continue to govern the same issues in subsequent stages of the same case.").

While Rolo argues in his opposition that the SAC is different from the FAC, the test he proffers for determining whether FINRA's actions are subject to regulatory immunity is contrary to Second Circuit law and was explicitly rejected in *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007). The applicable test is whether the conduct was incident to the exercise of regulatory power and, if it was, regulatory immunity presumptively attaches and the inquiry ends. *Id.* at 99. As Rolo cannot overcome regulatory immunity regardless of how he packages his purported cause(s) of action, the SAC should be dismissed with prejudice.

The SAC fails for other independent reasons too:

**_First_**, Rolo does not dispute that the Court remains without general or specific personal

---

[1] This Reply uses acronyms that were defined in FINRA's Memorandum in Support of Defendant Financial Industry Regulatory Authority, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint ("MTD SAC") (ECF 108-1).

[2] Like the SAC, the FAC challenged FINRA's decision to halt trading as *ultra vires*, characterized this decision as indefinite and ongoing, and attacked FINRA's processing of a corporate action Rolo contends should not have been processed. *See, e.g.,* FAC ¶¶ 61, 63, 68, 136, 139.

jurisdiction over FINRA. Instead, Rolo advances the argument that a jurisdictional provision applicable only to securities claims confers jurisdiction here. However, Rolo does not assert a securities claim in the SAC. As a result, the cited jurisdictional provision is inapplicable.

*__Second__*, like personal jurisdiction, Rolo mistakenly relies upon the same jurisdictional provision to argue that the Court possesses subject matter jurisdiction. Without an asserted securities claim, the provision simply does not apply to the SAC. Moreover, Rolo merely reiterates his speculative, unsupported allegations, and he fails to establish any of the elements necessary for Article III standing.

*__Third__*, Rolo does not establish that he possesses any private right of action to bring the claim asserted in his SAC.

*__Finally__*, Rolo concedes that his single cause of action for declaratory relief is a remedy and not an independent claim.

Accordingly, and for the reasons outlined in FINRA's MTD SAC (ECF 108-1), the SAC should be dismissed with prejudice, and Rolo should be denied any further leave to amend.

## II.    THE SAC SHOULD BE DISMISSED

### A.    Like the FAC, FINRA's Regulatory Immunity Bars the SAC

Rolo concedes that "FINRA is generally immune for regulatory activity." Opp., p. 4 ("That is correct as far as it goes."). Rolo also concedes FINRA acted pursuant to Rules 6440 and 6490 in performing the actions about which he complains. SAC ¶¶ 12, 28, 30, 52. Rolo's effort to reframe the regulatory immunity inquiry as a question of whether FINRA's actions were within the scope of its authority is belied by his own admission that FINRA was acting pursuant to its own Rules.

More importantly, the test Rolo proffers is contrary to Second Circuit law. Like Rolo, the plaintiff in *In re NYSE Specialists Sec. Litig.* argued that the SRO acted in a manner inconsistent

with its duties and beyond its capacity. *In re NYSE,* 503 F.3d at 98. Rebuffing this argument, the

Second Circuit clarified:

> [A]ssert[ing] that an SRO receives absolute immunity only "when acting in its capacity as a[n] SRO" and only to the extent that it "engages in conduct consistent with" its regulatory powers . . . certainly has superficial appeal, but when scrutinized, its flaws become evident . . . the central question our SRO-immunity cases ask is not whether the SRO is acting (or not acting) "consistent with" the laws it is supposed to apply but rather whether the plaintiff's allegations **concern** the exercise of [such] powers . . . [I]mmunity protects the power to regulate, not the mandate to perform regulatory functions in a certain manner. Thus, [regulatory] immunity depends only on whether specific acts and forbearances were incident to the exercise of regulatory power, and not on the propriety of those actions or inactions.

*Id.* at 97-98 (emphasis added). In other words, where an SRO's challenged conduct falls anywhere

within the ambit of its delegated power, "***immunity presumptively attaches***, even where the SRO

wrongly exercises that power." *Id.* at 99 (emphasis added) (citing *D'Alessio v. NYSE, Inc.*, 258 F.3d

93, 98 (2d Cir. 2001), *cert. denied*, 534 U.S. 1066 (2001)). The test advanced by Rolo is simply

wrong. And, his attempts to distinguish FINRA's authorities do not meaningfully counter the

application of regulatory immunity because they rely entirely on his mistaken analysis.[3]

Indeed, virtually every case Rolo cites in support of his mistaken analysis actually supports

the application of regulatory immunity here.[4] Ultimately, Rolo cannot overcome the application of

---

[3] *See, e.g., In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 454 (S.D.N.Y. 2013) (dismissing claim against an SRO, based on allegations that its decision not to halt trading of a security was negligent, on regulatory immunity grounds, because "[t]he capacity to suspend trading . . . is a quintessentially regulatory function"); *Cashmore v. FINRA*, No. 18-CV-1198S, 2020 U.S. Dist. LEXIS 209451, *14, 2020 WL 6566302, *4 (W.D.N.Y. Nov. 9, 2020) ("FINRA's absolute immunity is not restricted by the types of claims asserted against it . . . . This immunity also covers declaratory or injunctive relief."); *Hofman v. Fidelity Brokerage Servs. LLC*, No. 2:23-cv-00881, 2023 U.S. Dist. LEXIS 81166, *18, 2023 WL 3872564, *8 (C.D. Cal. May 8, 2023) ("The Court adopts the persuasive reasoning of *Cashmore* and dismisses all claims [including declaratory relief] against FINRA . . . based on immunity.").

[4] *See, e.g., Xu v. FINRA*, 503 Fed. App'x 7, 8-9 (2d Cir. 2012) (declining to recognize a "bad faith" exception to immunity); *Standard Inv. Chartered, Inc. v. NASD, Inc.*, 637 F.3d 112, 116 (2d Cir. 2011) (FINRA's enforcement and regulatory decisions constitute regulatory functions for which FINRA is immune from suit); *In re Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 114 (D.C. Cir. 2008) ("When an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory,

3

regulatory immunity to "claims against FINRA aris[ing] from its regulatory activities" and "challenges to FINRA's performance of its regulatory functions." Order, p. 8 ("[T]he Court finds that FINRA's absolute immunity on the basis of its status as a self-regulatory organization ('SRO') bars all claims."). The SAC is therefore barred by regulatory immunity.

### B.  The Court Does Not Possess Personal Jurisdiction Over FINRA

Rolo does not dispute any portion of the Order dismissing his FAC on the basis that the Court is without either general or specific personal jurisdiction over FINRA, thus he concedes those findings. *See* Order, pp. 7-8; *see also Felske v. Hirschmann*, No. 10 Civ. 8899 (RMB), 2012 U.S. Dist. LEXIS 29893, *9, 2012 WL 716632, *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them."). Instead, Rolo relies entirely on 15 U.S.C. § 78aa – a statute that confers jurisdiction in the district courts for securities claims under the Exchange Act. Acknowledging that he does *not* actually assert a securities claim, Rolo cites *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016), to argue that his mere reference to securities laws in the SAC is sufficient to invoke § 78aa. Opp., p. 13. Rolo's reliance on *Manning* is misplaced, however, as that case states the *opposite* of Rolo's contention. In affirming remand of the case back to state court for lack of jurisdiction, the *Manning* Court explained: "[the statute's language] stops short of embracing any complaint that happens to mention a duty established by the Exchange Act." *Id.* at 381. Similarly, Rolo's mere mention of

adjudicatory, or prosecutorial duties delegated by the SEC."); *Weissman v. Nat'l Ass'n Sec. Dealers, Inc.*, 500 F.3d 1293, 1297 (11th Cir. 2007) (to determine an SRO's entitlement to immunity, courts examine the nature of the function performed and not "an SRO's subjective intent or motivation"); *DL Cap. Grp. LLC v. NASDAQ Stock Mkt., Inc.*, 409 F.3d 93, 97 (2d Cir. 2005) (SRO is immune from suit when the conduct it is alleged to have engaged in is regulatory in nature); *Pee Pee Pop Trust v. FINRA*, No. 3:19-cv-00240, 2019 U.S. Dist. LEXIS 165024, *11-12, 2019 WL 4723788, *4 (D. Nev. Sept. 26, 2019) (dismissing complaint alleging FINRA violated its own rules on ground of regulatory immunity).

Two of Rolo's cases do not even address regulatory immunity and therefore are inapposite to the Court's consideration of the issue. *SEC v. Sloan*, 436 U.S. 103 (concerning SEC authority under §12(k) of the Exchange Act); *Galette v. N.J. Transit Corp.*, 146 S. Ct. 854 (2026) (evaluating application of sovereign immunity).

the Exchange Act is not a cause of action under it, and his reference does not trigger the jurisdictional reach of § 78aa. Accordingly, the Court lacks personal jurisdiction over FINRA, and the SAC must be dismissed.

### C.    The Court Lacks Subject Matter Jurisdiction

"In general, federal courts have so-called 'federal question' jurisdiction over any claims that arise under federal law. . . . But federal question jurisdiction exists only if the complaint pleads a cause of action created by federal law or otherwise turns on a substantial question of federal law." *Moales v. Land Rover Cherry Hill*, No. 3:25-cv-544 (VDO), 2025 U.S. Dist. LEXIS 82629, *2, 2025 WL 1249616, *1 (D. Conn. April 30, 2025) (citing 28 U.S.C. § 1331; *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016)). Here, Rolo pleads only one cause of action, under the Declaratory Judgment Act, which by itself does not confer subject matter jurisdiction in this Court. MTD SAC, pp. 22-23 (collecting cases).[5] Rolo does not address FINRA's authorities supporting this principle except *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950), which he attempts to distinguish on the immaterial argument that *Skelly* involved contract issues arising under state law. Opp., p. 15. Rolo's argument ignores that the *Skelly* plaintiffs, like him, asserted only a claim for judicial declaration pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201). In finding no basis for the federal court to exercise subject matter jurisdiction, the *Skelly* Court stated: "'[T]he operation of the Declaratory Judgment Act is procedural only' . . . [it] enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." 339 U.S. at 671. Rolo fails to address the jurisdictional limits of the Declaratory Judgment Act or the requirement that, to invoke subject matter jurisdiction, there must be an independent federal question, which the SAC lacks.

---

[5]  Rolo's own authority stands in accord. *See Correspondent Servs. Corp. v. First Equities Corp. of FL*, 442 F.3d 767, 769 (2d Cir. 2006) ("As the district court correctly noted, the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts.").

Rolo's argument that subject matter jurisdiction exists under 28 U.S.C. § 1331 by virtue of FINRA's immunity defense (Opp., p. 16) is unavailing because the *Skelly* Court held the opposite. *See* 339 U.S. at 673-74 ("To sanction suits…as within the jurisdiction of the District Courts merely because…artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act."); *see also Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Rolo's assertion that subject matter jurisdiction is based on 15 U.S.C. § 78aa (Opp., p. 15) is equally specious. As discussed above, Rolo does not assert a cause of action under the Exchange Act, so the jurisdictional reach of § 78aa is not triggered. *See supra.* Moreover, as discussed below, Rolo does not even have a private cause of action under the Exchange Act that he could pursue. *See infra.*

### D.    Rolo Does Not Have Standing

Rolo also lacks Article III standing. While Rolo describes an indefinite, ongoing trading halt, it is undisputed that the MMTLP symbol was ***deleted*** on December 13, 2022, and the MMTLP shares were "cancelled immediately after the spin-off" on December 14, 2022. *See., e.g.,* SAC ¶¶ 45-46, 52. Thus, the trade halt terminated because no MMTLP shares thereafter existed. Rolo further concedes that he did not have a sale of his shares planned or otherwise "lined up." Opp., p. 16. Rolo goes on to acknowledge that "speculation requires uncertainty," then proceeds to characterize his purported injury as merely a lost opportunity to trade. Opp., pp. 16-17. Like the plaintiff in *Free Holdings, Inc. v. McCoy*, No. 23-644, 2024 U.S. App. LEXIS 1045, 2024 WL

6

177447 (2d Cir. Jan. 17, 2024), who had no auction in which to participate, the lack of a market in which to trade MMTLP means any purported injury is speculative and cannot establish an injury.[6]

As to traceability, Rolo's purported injury cannot be traced to FINRA's publication of the corporate action on FINRA's Daily List. (SAC ¶ 3). *Carter v. HealthPort Techs., LLC,* 822 F.3d 47 (2d Cir. 2016), does not compel a different analysis. In *Carter,* the defendant entities had a contractual relationship whereby one was obligated to provide the records of the other such that excessive fee(s) for such records were traceable to both entities. *Id.* at 59. Rolo does not allege such a relationship with FINRA.

Redress is also lacking. "[D]eclaratory relief is intended to operate prospectively. There is no basis for declaratory relief where only past acts are involved." *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, No. CV 16-6370 (SJF) (AYS), 2017 U.S. Dist. LEXIS 233701, *30, 2017 WL 6729854, *12 (E.D.N.Y. Oct. 31, 2017). While Rolo admits that "[a] declaration cannot reopen MMTLP trading, make NBH DTC-eligible, or restore a historical market," (Opp., p. 20), he asserts "the legal basis currently burdening Plaintiff's position" would be redressed. *See* Opp., p. 20 (the "unlawful framework continues to operate on Plaintiff's position today") and p. 21 (unspecified equitable relief not presently sought would be supported by unburdening Rolo's "position"). Rolo does not explain what these phrases mean. Further, Rolo's efforts to distinguish FINRA authority on redressability focus only on the alleged conduct of the defendant, not the requirement that relief provide redressability "at [this] moment." *Robidoux v. Celani*, 987 F.2d 931, 938 (2d Cir. 1993).[7]

---

[6] Rolo's effort to distinguish *Free Holdings* falls flat as the lack of auction there is analogous to the lack of a market here. Moreover, his reliance on *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), is misplaced. In *TransUnion,* a defamation case, an entire class of consumers was found to lack concrete injury (and thus standing) where they could not demonstrate that false information in their credit file was ever actually disseminated to a third party. *Id.* at 434-35.

[7] Notably, the "unlawful conduct" referenced in *Robidoux* was referenced as occurring at the time of the complaint or being likely to recur. 987 F.2d at 938. FINRA's trade halt, which was lawful regulatory activity, ended in December 2022, as explained above.

### E.    The SAC is Barred by Rolo's Lack of a Private Right of Action

Neither the Exchange Act nor any other statute provides Rolo a private right of action to challenge FINRA's performance of its regulatory activities pursuant to Rules 6440 and 6490. *See* MTD SAC, pp. 26-27 (collecting cases). In an attempt to distinguish two of FINRA's authorities, Rolo implies that the lack of a private right of action applies only to claims for money damages. Opp., pp. 21-23. But, whether a private right of action exists is not determined based on the remedy available because remedies are not causes of action. *See* MTD SAC, p. 27. Further, neither *Desiderio* nor *Feins* carves out a private right of action against an SRO for equitable relief. *Desiderio v. NASD*, 191 F.3d 198, 208 (2d Cir. 1999) ("[T]here is no private right of action available under the Securities Exchange Act . . . to challenge an exchange's failure to follow its own rules."); *see also Feins v. AMEX*, 81 F.3d 1215, 1223-34 n. 6 (2d Cir. 1996) (no private right of action exists against an SRO under Section 19 of the Exchange Act). Rolo does not address any of FINRA's other authorities on this point, and several of these authorities broadly address the fact that no private right of action exists in this circumstance. *See, e.g., Spicer v. Chicago Bd. of Options Exch., Inc.*, 977 F.2d 255, 259 (7th Cir. 1992) (discussing the lack of *any* private remedy under Exchange Act § 6); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 681 (9th Cir. 1980) ("[W]e conclude there is no implied right of action for an NASD rule violation.").

While Rolo argues that "delegated authority has judicially cognizable limits" (Opp., p. 22), none of the cases he cites concern FINRA, its rules, or challenges to its performance of its duties.[8] Unlike FINRA's authorities, which directly address Rolo's lack of a private right of action, Rolo's authorities are inapposite to the analysis.

---

[8] *See Leedom v. Kyne*, 358 U.S. 184 (1958) (judicial review of bargaining unit certification where unit included both professional employees and nonprofessional employees); *Free Enterprise Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010) (challenging constitutionality of Sarbanes-Oxley Act's creation of PCAOB); *Axon Enter. Inc. v. Fed. Trade Comm'n*, 598 U.S. 175 (2023) (constitutional challenge to Federal Trade Commission's tenure protection for administrative law judges and combination of prosecutorial and adjudicative activities).

Finally, Rolo's assertion that judicial review of FINRA's regulatory activities is consistent with Congressional intent is incorrect. Opp., p. 23. Indeed, the Second Circuit has recognized that "after-the-fact litigation [is] a 'most imperfect device' with which to evaluate SRO decisions" as it "would force a court to substitute its judgment" for that of the experts, "would conflict with the Congressional scheme of exchange self-regulation," and would lead to market uncertainty that benefits no one. *Brawer v. Options Clearing Corp.,* 807 F.2d 297, 302-03 (2d Cir. 1986).

In sum, Rolo cannot establish a private right of action to challenge FINRA's performance of regulatory activities pursuant to its rules, and the SAC must be dismissed with prejudice.

### F.    Rolo Concedes Declaratory Relief is Not a Cause of Action

Rolo concedes that declaratory relief is a remedy and not a cause of action (Opp., p. 24), but he proffers that this principle should not apply to the SAC. In making this argument, Rolo asserts that FINRA's authorities all fail to identify substantive legal theories. Opp., p. 25. Not so. Each of the cases FINRA cites in its MTD SAC (p. 27) involved multiple causes of action as well as unsuccessful legal theories underlying the dismissed declaratory relief claims.[9] Nonetheless, there is no lack of authority within the Second Circuit for the proposition that declaratory relief is a remedy and not a freestanding cause of action.[10] Rolo fails to cite any contrary authority. As such, the SAC fails to state a claim, and it must be dismissed.

---

[9]  *Miller v. Wells Fargo Bank, N.A*., 994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014), involved a declaratory relief count that was one of eight counts and was based upon a legal theory sounding in breach of contract. *Chiste v. Hotels.com L.P*., 756 F. Supp. 2d 382, 406-07 (S.D.N.Y. 2010), involved a declaratory relief cause of action based on an alleged violation of unfair practices statute. *Endemann v. Liberty Ins. Corp*., 602 F. Supp. 3d 322, 330 n.9 (N.D.N.Y. 2022), involved four separate causes of action, including one for declaratory relief, based upon legal theories of breach of contract and alleged violation of unfair practices statute.

[10]  *See, e.g., Luckenbach S.S. Co. v. U.S*., 312 F.2d 545, 548-49 (2d Cir. 1963) (declaratory relief is a "procedural device," not a cause of action); *In re Joint E. & S. Dist. Asbestos Litig*., 14 F.3d 726, 731 (2d Cir.1993) ("[A] request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights."); *Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 627 ("[I]t is well settled that a request for declaratory and/or injunctive relief is not an independent cause of action."); *Cangemi v. United States*, 939 F. Supp. 2d 188, 196 (E.D.N.Y. 2013) (stating "declaratory relief [is] not a separate cause[ ] of action" and concluding that "Plaintiffs must properly plead an underlying cause of action in order to seek such relief.").

### G.    Further Amendment Is Futile

The allegations in the SAC arise from the same regulatory activities alleged in the FAC. And, this Court already found "challenges to FINRA's performance of its regulatory functions are barred by absolute immunity." Order, p. 8. Repackaging the same facts into a new cause of action does not overcome regulatory immunity or the law-of-the-case determining this issue. "The mere filing of an [a]mended [c]omplaint does not entitle [a p]laintiff to relitigate his claims absent new factual allegations." *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015) (explaining law-of-the-case counsels against consideration of an amended complaint that states largely identical facts of initial complaint), *aff'd*, 626 F. App'x 20 (2d Cir. 2015) (summary order); *see also Perlman v. Gen. Elec.*, No. 22 Civ. 9823 (PAE), 2024 U.S. Dist. LEXIS 27445, *13, 2024 WL 664968, *5 (S.D.N.Y. Feb. 16, 2024) (stating same). Simply put, reframing the same facts under the guise of a new cause of action does not change the nature of FINRA's activities.

Rolo cannot assert any cause of action that would overcome regulatory immunity, nor does he possess any private right of action to do so. Because any amendment would be futile, the SAC should be dismissed with prejudice and without any further leave to amend. *See Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003) (affirming district court's dismissal of complaint with prejudice for failure to state a claim where amendment of the complaint would have been futile). Indeed, Rolo concedes that futility supports denying leave to amend. Opp., p. 26. While he requests that dismissal be without prejudice, he provides no grounds for how further amendment could overcome any of his repeated defects in pleading. This is fatal.

## III.    CONCLUSION

In sum, FINRA respectfully requests that the Court dismiss the SAC against FINRA with prejudice and without further leave to amend.

Dated: June 15, 2026

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP


By:    */s/ John Mitchell*
    John Mitchell (*admitted pro hac vice*)
    john.mitchell@faegredrinker.com
    105 College Road East
    Princeton, New Jersey 08542
    (609) 716-6500

    Tracey Salmon-Smith (ct29372)
    tracey.salmonsmith@faegredrinker.com
    600 Campus Drive
    Florham Park, New Jersey 07932
    (973) 549-7000

    *Attorneys for Defendant Financial Industry*
    *Regulatory Authority*

11

## CERTIFICATION OF SERVICE

This is to certify that on June 15, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ John Mitchell*
John Mitchell